Story, Justice,
 

 delivered the opinion of tire court.— This is an action brought by the executors of John G-. Comegys, who was surviving partner of the firm of William Cochran & Comegys, to recover the contents of a promissory note, made by Joel Childress, deceased (whose executor the plaintiff in error is), payable to the firm of William Cochran & Comegys. The cause came before the circuit court for the district of West Tennessee, upon a special demurrer to the declaration; and the court having overruled the demurrer, it has been brought here by writ of error.
 

 The several causes assigned for special demurrer have been argued at the bar ; but before we proceed to the consideration of them, we may as well dispose of the objection taken to the jurisdiction. The parties, executors, are, in the writ and declaration, averred to the citizens of different states ; but it is not alleged, that their testators were citizens of different states ; and the case *has, therefore, been supposed to be affected by the 11th section of the judiciary act of 1789, c. 20. But that section has never been construed to apply to executors and administrators. They are the real parties in interest before the court, and succeed to all the rights of their testators, by operation of law, and no other persons are the representatives of the personalty, capable of sueing and being sued. They are contradis-tinguished, therefore, from assignees, who claim by act of the parties. The point was expressly adjudged in
 
 Chappedelaine
 
 v.
 
 Dechenaux
 
 (4 Cranch 306), and, indeed, has not been seriously pressed on the present occasion.
 

 The first cause of demurrer is, that the declaration states the note to
 
 *295
 
 have been made to tbe firm of William Cochran & Comegys, but does not state who, in particular, the persons composing that firm were. Upon consideration, we do not think this objection ought to prevail. The firm are not parties to the suit; and if Comegys was, as the declaration asserts, the surviving partner of the firm, his executor is the sole party entitled to sue. It is not necessary, in general, in deriving a title through the indorsement of a firm, to allege, in particular, who the persons are, composing that firm ; for, if the indorsement be made in the name of the firm, by a person duly authorized, it gives a complete title, whoever may compose the firm. (See 3 Chit. Pl. 2, 89.) If this be so, in respect to a derivative title, from the act of the parties, more particularity and certainty do not seem essential, in a derivative title by the *act of the law. A more technical averment might, indeed, have been framed upon the rules of good pleading ; but the substance is preserved. And there is some convenience, in not imposing any unnecessary particularity, since it would add to the proofs ; and it is not always easy to ascertain or prove the persons composing firms, whose names are on negotiable instruments, especially, where they reside at a distance; and every embarrassment in the proofs, would materially diminish the circulation of these valuable facilities of commerce.
 

 Another cause of demurrer is, that the declaration does not aver that the note was signed by Joel Childress. To this, it is sufficient to answer, that the declaration does state, that “Joel Childress, by his agent, A. Childress, made ” 'the note ; and it is not necessary to state that he signed it; it is sufficient, if he made it. The note might have been declared on, as the note of the principal, according to its legal operation, without noticing the agency; and though it would have been technically more accurate to have averred, that the principal, by his agent, in that behalf duly authorized, made the note, yet it is not indispensable ; for, if he makes it by his agent, it is a necessary inference of law, that the agent is authorized, for, otherwise, the note would not be made by the principal; and that the demurrer itself admits. (See Chitty on Bills, app’x, p. 528, and notes; Bayley on Bills 103; 2 Phil. Ev. ch. 1, § 1, p. 4, 6.)
 

 Another cause of demurrer is, that the declaration *omits to state any damages ; but this, if in any respect material in an action of debt, is cured by the writ, which avers an
 
 ad damnum,
 
 of $500.
 

 Another cause of demurrer is, that the letters testamentary are not sufficiently set forth to show the right of the plaintiffs to sue. But
 
 profert
 
 is made of the letters testamentary, in the usual form ; and if the defendant would have objected to them as insufficient, he should have craved
 
 oyer,
 
 so as to have brought them before the court. Unless
 
 oyer
 
 be craved and granted, they cannot be judicially examined. And if the plaintiffs were not executors, that objection should have been taken by way of abatement, and does not arise upon a demurrer in bar. It may be added, that, by the laws of Tennessee, executors and administrators, under grants of administration by other states of the Union, are entitled to sue in the courts of Tennessee, without such letters granted by the state. (Act of Tennessee, 1809, ch. 121, § 1, 2.)
 

 It was also suggested at the bar, but not assigned as cause of demurrer, that the action ought not to have been in the
 
 detinet
 
 only; but in the
 
 debet et detinet.
 
 This is a mistake. Debt against an executor, in general, should
 
 *296
 
 be in tbe
 
 detinet
 
 only, unless he has made himself personally responsible, as by a
 
 devastavit.
 
 (Com. Dig., Pleader, 2 D, 2; 1 Chit. Pl. 292, 344; 2 Ibid. 141, note
 
 f; Hope
 
 v. Bague, 2 East 6; 1 Saund. 1, note 1; Ibid. 112, note 1.) And if ⅛ had been otherwise, *the objection could only have been taken advantage of on special demurrer, for it is but matter of form, and cured by our statute of jeofails.
 
 (Burland
 
 v.
 
 Tyler,
 
 2 Ld. Raym. 1391; 2 Chit. Pl. 141, note
 
 f;
 
 Act of 1789, ch. 20, § 32.)
 

 But the most important objection remains to be considered ; and that is, that an action of debt does not lie upon a promissory note, against executors. It is argued, that debt does not lie upon a simple contract, generally, against executors ; and the case of
 
 Barry
 
 v.
 
 Robinson,
 
 in 4 Bos.
 
 &
 
 Pul. 293, has been cited, as directly in point. Certainly, if this be the settled rule of the common law, we are not at liberty to disregard it, even though the reason of the rule may appear to be frivolous, or may have ceased to be felt as just, in its practical operation. But we do not admit, that the rule of the common law is as it has been stated at the bar. We understand, on the contrary, that the general rule is, that debt does lie against executors, upon a simple contract; and that an exception is that it does not lie in the particular case, where the testator may wage his law. When, therefore, it is established, in any given case, that there can be no wager of law by the testator, debt is a proper remedy. Lord Chief Baron Comyn lays down the doctrine, that debt lies against executors, upon any debt or contract, without specialty, where the testator could not have waged his law; and he puts the case of debt for rent, upon a parol lease, to exemplify it. (Com. Dig. Administration, B, 14. See also, Ibid. Pleader, 2 W, 45, tit. 2, D, 2.) The same
 
 Petrine
 
 is laid down in elementary writers. (1 Chit. Pl. 106; Chit. on Bills, ch. 6, p. 426.) Upon this ground, the action of debt is admitted to lie against executors, in eases of simple contract, in courts where the wager of law is not admitted, as in the courts of London, by custom. So, in the court of exchequer, upon a more general principle, the wager of law is not allowed upon a
 
 quo minus
 
 (Com. Dig. Plead. 2 W, 45; Godbolt 291; 1 Chit. Pl. 106, 93; Bohun’s Hist. of London, 86.) The reason is obvious ; the plaintiff shall not, by the form of his action, deprive the executor of any lawful plea, that might have been pleaded by his testator; and as the executor can in no wise wage his law (Com. Dig. Pleader, 2 W, 45), he shall not be compelled to answer to an action, in which his testator might have used that defence. Even the doctrine, with these limitations, is so purely artificial, that the executor may waive the benefit of it; and therefore, if he omits to demur, and pleads in bar to the action, and a verdict is found against him, he cannot take advantage of the objection, either in arrest of judgment, or upon a writ of error. (2 Saund. 74, note 2, by Williams, and the authorities there cited ;
 
 Norwood
 
 v.
 
 Read,
 
 Plowd. 182 ; Cro. Eliz. 557.) Style, in his Practical Register, lays down the rule with its exact limitations. “ No action,” says he,
 
 “
 
 shall ever lie against an executor or administrator, where the testator or intestate might have waged their law; because they have lost the benefit of making that defence, which is a good defence in that action ; *and if their intestate or testator had been living, they might have taken advantage of it.” Style’s Pr. Reg. and Comp. Atty, in Courts of Common Law (1707), p. 666.
 

 
 *297
 
 In the view, therefore, which we take of this case, we do not think it necessary to enter into the consideration, whether the case in 4 Bos. & Pul. 293, which denies that debt will lie against executors upon a promissory note of the testator is law. There is, indeed, some reason to question, at least, since the statute of Anne, which has put negotiable instruments upon a new and peculiar footing, whether, upon the authorities and general doctrines which regulate that defence, it ought to be applied to such instruments. The cases cited at the bar by the plaintiff’s counsel, contain reasoning on this point, which would deserve very serious consideration. But waiving any discussion of this point, and assuming the case in 4 Bos. & Pul. 293, to have been rightly decided, it does not govern the case now before the court; for that case does not affect to assert or decide, that the action of debt will not lie, in cases where there can be no wager of law.
 

 Now, whatever may be said upon the question, whether the wager of law was ever introduced into the common law of our country, by the emigration of our ancestors, it is perfectly clear, that it cannot, since the establishment of the state of Tennessee, have had a legal existence in its jurisprudence. The constitution of that state has expressly declared, that the trial by jury shall remain inviolate ; and the constitution of the United *States has also declared, that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. Any attempt to set up the wager of law, would be utterly inconsistent with this acknowledged right. So that, the wager of law, if it ever had a legal existence in the United States, is now completely abolished. If, then, we apply the rule of the common law to the present ease, we shall arrive, necessarily, at the conclusion, that the action of debt does lie against the executor, because the testator could nevery have waged his law in this case.
 

 Upon the whole, the judgment of the circuit court is affirmed, with six per cent, damages and costs.