G. S. BAKER, Adm'r, v. RALEIGH AND GASTON RAILROAD
COMPANY.

*Executors and Administrators—Negligence—Railroads—
Damages.*

1. An administrator who recovers damages of one for negligently causing the intestate's death, holds the fund solely for the use of those entitled under the statute of distributions, and free from the claims of creditors and legatees (THE CODE, § 1500), subject, however, to commissions and reasonable counsel fees.

2. The portion of the recovery due the widow in this case, released to the defendant, is chargeable with its share of such expenses, and the defendant gets no benefit under the assignment until the *pro rata* amount thereof is ascertained and paid.

(*Love* v. *Love*, 3 Ired. Eq., 104; *Filhour* v. *Gibson*, 4 Ired. Eq., 455; *Outlaw* v. *Farmer*, 71 N. C., 31; *McNeill* v. *Farmer*, 83 N. C., 504, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of NASH Superior Court, before *Shepherd, J.*

The plaintiff, as administrator of Duffin Perry, brings this action under the act of April 6th, 1869, against the defendant company for the recovery of damages for causing the death of his intestate, a passenger on one of its cars, by reason of the negligent running and mismanagement of its trains in charge and under control of its officers and employees. The defendant in its answer denies the imputed negligent running of its trains, declares that the intestate's own negligence contributed to his injury and death, and in a supplemental answer sets up a release from one Alice Perry, the widow of the intestate, of her moiety of the claim of damages asserted in the action.

At fall term, 1883, the cause was referred to arbitrators, who made and reported their award at the succeeding term as follows:

" Herein the undersigned, arbitrators, award that the plaintiff recover of the defendant fourteen hundred dollars damages and the costs of this action. And the undersigned further award that Alice Perry, widow of the deceased, has assigned and released her interest in the estate of the said Duffin Perry to the defendant, and that the defendant is subrogated to her rights in the distribution of said estate."

(Signed by W. T. Dortch, Walter Clark and C. M. Busbee, arbitrators.)

No exception was taken to the report, and thereupon the defendant paid over to the plaintiff, without prejudice to the action, the sum of seven hundred dollars, on account of the other distributee.

On the plaintiff's motion for judgment upon the award for the moiety due to Alice Perry, the defendant insisted that the award " should stand released save for reasonable counsel fees and expenses incurred prior to the notice of release given the plaintiff, such sum to be ascertained by the court or by a reference."

The court refused to do this and " adjudged that the defendant should pay to the plaintiff the seven hundred dollars for Alice Perry's half interest in the recovery," and thereupon the defendant appealed.

*Messrs. Joseph J. Davis* and *A. M. Lewis & Son*, for plaintiff.

*Mr. Walter Clark*, for defendant.

SMITH, C. J., after stating the case. The statute which authorises the action to be brought by the personal representative of the deceased declares and directs that the amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies, but shall be disposed of as provided in this act for the distribution of

personal property in case of intestacy.   THE CODE, ch. 33, § 1500.

The administrator thus occupies the place of trustee, for a special purpose, of such fund as he may obtain by the suit, holding it when recovered solely for the use of those who are entitled under the statute of distributions, free from the claims of creditors and legatees, and subject only to such charges and expenses, inclusive of counsel fees and his own commissions, as may have been reasonably incurred in prosecuting and securing the claim.   Diminished by these deductions, the remaining duty is to pay over to the distributees.   The cases cited in the brief of appellant's counsel, *Love* v. *Love*, 3 Ired. Eq., 104; *Filhour* v. *Gibson*, 4 Ired. Eq., 455; *Outlaw* v. *Farmer*, 71 N. C., 31, and *McNeill* v. *Farmer*, 83 N. C., 504, sustain his contention that a court of equity will interpose and prevent a recovery upon a mere legal title, where the party has no trust to discharge or duty to perform except to deliver or pay over to the one whom he owes.   Why should a fund be collected from a person to whom it is at once to be returned or paid after the plaintiff gets it?

But the moieties due to the equitable owners of money must bear their equal parts of the charges and expenses rendered necessary in securing it, at least up to the period when the share of the said Alice Perry was released to the defendant and notice given the plaintiff.   The residue belongs to the defendant, and there is no reason why it should be required to be paid, when it must be returned.

The judgment was therefore properly entered up against the defendant for the unpaid share of Alice, to which the defendant had succeeded as the arbitrators decide, not to be enforced, but to stand as a security for such sums as ought to be deducted for its share of said charges and expenses, and charged therewith.   Meanwhile, it should not be enforced until the proper sum with which it should be charged

is ascertained. Then execution should issue with direction that it be discharged by payment of the sum thus ascertained, and, when paid without execution, that a perpetual order of *cessat executio* be made. This secures the substantial rights of all parties in interest.

We pretermit the expression of an opinion as to the charge for professional services, except that it should be of reasonable amount, for this inquiry is not before us in this appeal.

There was no error in the refusal of the court to make any further order, after the judgment, for the purpose of ascertaining what amount should be deducted before the defendant gets the benefit of the assignment, and meanwhile suspending the issue of process to enforce full payment, unless, which is not suggested, there should be danger of losing the debt. In such case, the fund might be collected and paid into court and there held to await the results of the proposed inquiry.

The judgment is affirmed and to the end that further proceedings be had in accordance with this opinion, let it be certified. The appellant is entitled to the costs of the appeal.

Modified and affirmed.