## HARPER *v.* NORFOLK & W. R. CO.

*(Circuit Court, W. D. Virginia. November 5, 1887.)*

1. ACTION FOR WRONGFUL DEATH—JURISDICTION—FEDERAL COURTS.
    Code Va. 1873, c. 145, requires an administrator, when suing for damages for causing the death of his intestate, to bring the action in his own name, the amount recovered to go to the widow and children, if any; otherwise to be assets of the estate. *Held* that, where the administrator and defendant are citizens of different states, the action may be brought in the federal courts, though the deceased was a citizen of the same state with defendant, where his widow and children still reside.

2. SAME—PARTIES.
    In such action the real beneficiaries need not be named in the declaration.

**3. SAME—NEGLIGENCE—PLEADING.**

   A declaration alleging that the defendant did not use its trains, provide servants, etc., so as to avoid extraordinary risk to its employes, is not too general, where it is also alleged that by reason of the careless and negligent use of its cars, engines, etc., and by failure to employ a sufficient number of servants, the extraordinary risk was not avoided.[1]

At Law. Trespass on the case for causing the death of plaintiff's intestate. On plea in abatement and demurrer.

*Daniel Trigg,* for plaintiff.

*Fulkerson & Page,* for defendant.

PAUL, J. This is an action of trespass, brought by Isaac Harper, administrator of Anderson Harper, deceased, to recover damages of the defendant for causing the death of the plaintiff's intestate. The action is brought under the provisions of chapter 145, Code Va. 1873, which authorizes the administrator of the decedent to bring an action of this character; the statute requiring the action by the administrator, and in his name, and provides that the amount recovered of the defendant shall be for the benefit of the widow and children of the deceased, where there are such; if none, the recovery is assets in the hands of the administrator, to be disposed of according to law. The declaration alleges that the plaintiff is a citizen of the state of Tennessee, and the defendant is a resident of the state of Virginia. The defendant files a plea to the jurisdiction of this court, on the ground "that the said Anderson Harper, before and at his death, was a citizen of the state of Virginia, and that the said Anderson Harper left a widow and children surviving him, and that the said widow and children of the said Anderson Harper were, at the time of his death, and still are, citizens of the state of Virginia." To this plea the plaintiff files a demurrer.

It is conceded that the plaintiff, the administrator of Anderson Harper, is a citizen of the state of Tennessee, and that the defendant is a resident of the state of Virginia; but the defendant contends that Isaac Harper, the administrator of Anderson Harper, is merely a nominal party to the record; that the widow and children of Anderson Harper are the real parties in interest in this action; that the administrator is a mere instrument or conduit through whom the rights of the real plaintiffs are asserted. To sustain this position, counsel for the defendant rely chiefly on *Browne* v. *Strode,* 5 Cranch, 303; and on *McNutt* v. *Bland,* 2 How. 9. *Browne* v. *Strode* was an action in the name of the justices of the peace of a county in Virginia, on an executor's bond given to the justices, in accordance with the then statute, for the faithful performance of his duties, as an executor's bond is now given to the commonwealth. The action was for the benefit of an alien. *McNutt* v. *Bland* was an action in the name of the governor of Mississippi, on a sheriff's bond, given to the governor of Mississippi for the protection of any party who might be ag-

---

[1] Concerning the sufficiency of the averments in the pleadings, in actions for negligent injuries, see Railroad Co. v. Lee, (Tex.) 7 S. W. Rep. 857, and note; Railroad Co. v. Mitchell, (Ky.) 8 S. W. Rep. 706; Railroad Co. v. Jones, (Ala.) 3 South. Rep. 902; Railway Co. v. Richardson, (Ga.) 7 S. E. Rep. 119.

grieved by the conduct of the sheriff, and the action was for the benefit of a citizen of New York. The principle decided in these two cases is that a public officer, to whom an official bond is made payable, and whose name must be employed by the plaintiff in a controversy between citizens of different states, or an alien and a citizen, cannot be considered a party litigant. *McNutt* v. *Bland, supra.* Can it be said in the case at bar that the plaintiff, the administrator of Anderson Harper, is not a party litigant? He is in no sense a public officer. He is the actor in the controversy. The law compels him to be such. By statute the legal right to bring this action is vested in him. No other party can bring it, nor in any way be a party plaintiff to it. In *Bonnafee* v. *Williams*, 3 How. 574-577, the court says:

"Where the citizenship of the parties gives jurisdiction, and the legal right to sue is in the plaintiff, the court will not inquire into the residence of those who may have an equitable interest in the claim. A person having the legal right may sue at law in federal courts, without reference to the citizenship of those who may have the equitable interest."

But apart from the legal right conferred by statute on the administrator to bring this action, is he in nowise a party in interest? Is he not liable, as the administrator, for the costs of this action, in the event of his failure to recover, and for attorney's fees to those he has employed to bring this suit? In the event of the death of the widow and children, the amount recovered would be assets in his hands, as administrator, for disposal according to law. If he succeeds in this action, and collects the money of the defendant, and fails to pay the same to the parties entitled thereto, clearly he will be liable on his official bond therefor. The distinction between the class of cases relied on by the defendant, such as *Browne* v. *Strode* and *McNutt* v. *Bland, supra,* and the case at bar, is very clearly drawn in *Coal Co.* v. *Blatchford*, 11 Wall. 172. It is scarcely necessary for the court to refer to the cases of *Chappedelaine* v. *Dechenaux*, 4 Cranch, 306, *Childress* v. *Emory*, 8 Wheat. 642; *Osborn* v. *Bank*, 9 Wheat. 738; *Rice* v. *Houston*, 13 Wall. 66, 67. In all of these cases it is clearly decided that "the jurisdiction depends, not on the relative situation of the parties concerned in interest, but on the relative situation of the parties named in the record." In *Coal Co.* v. *Blatchford*, 11 Wall. 172, the court says:

"If the legal representatives are personally qualified by their citizenship to bring suits in the courts of the United States, the jurisdiction is not defeated by the fact that the parties whom they represent may be disqualified."

The court is of opinion that the plaintiff, by virtue of his citizenship, has a right to resort to the jurisdiction of this court. This right is conferred by the constitution and laws of the United States. That he is not deprived of it by the Virginia statute, vesting in him, and in him alone, the legal right to bring this action. The demurrer to the plea must be sustained.

The defendant files a demurrer to the declaration, on the grounds— *First.* That the real beneficiaries in this action are not named in the declaration. It was decided in *Railroad Co.* v. *Wightman's Adm'r*, 29 Grat.

431, that this is not necessary. *Second.* That the allegation in the declaration that the defendant did not use its trains, provide servants, etc., so as to avoid extraordinary risk to its employes, is too general; that the means by which it failed to avoid extraordinary risk should be set out in detail. In the same count in which the allegation is made it is stated that by reason of the careless and negligent use of its cars, engines, etc., and by a failure to employ a sufficient number of servants, etc., the extraordinary risk was not avoided by the defendant. The demurrer to the declaration must be overruled.