## HARTNESS v. PHARR.

(Filed December 1, 1903.)

DEATH BY WRONGFUL ACT—*Descent and Distribution—Executors and Administrators — Heirs — Domicile — The Code, secs. 1478, 1498, 1500.*

> Where a person was domiciled in another state and was killed in this state, and an administrator sues in this state, the funds recovered must be distributed under the laws of this state, though a prior administration had been taken out in the state of his domicile.

ACTION by R. B. Hartness against H. N. Pharr and others, heard by Judge *Walter H. Neal,* at October Term, 1903, of the Superior Court of MECKLENBURG County. From a judgment for the plaintiff the defendants appealed.

*Jones & Tillett,* for the plaintiff.
*W. F. Harding,* for the defendants.

WALKER, J. This is an action brought by the plaintiff to recover a sum of money now in the hands of the defendant Pharr as administrator D. W. Hartness. The administrator brought a suit in the Superior Court of Mecklenburg County against the Atlanta & Charlotte Air Line Railway Company and the North Carolina Railroad Company to recover damages for the alleged negligent killing of his intestate, under our statute, The Code, section 1498, and in that suit a verdict and judgment were rendered in his favor for $8,500. The amount of the judgment, with interest thereon, $170, was afterwards paid to him, and there now remains in his hands, after deducting the costs and expenses of administration, the sum of $5,071.25, less the sum of $75 already paid to the plaintiff on his share of the recovery, which bal-

ance will be further reduced by the amount of the costs and expenses of this action to be paid therefrom.

The plaintiff is the father of D. W. Hartness, the intestate of the defendant Pharr, and the defendants, other than the administrator, are the brothers and sisters of the intestate. It further appears that the intestate was killed in this State, and at the time of his death he and his father and his brothers and sisters were all residents of South Carolina and domiciled in that State. The latter were made parties because they claimed an interest in the fund adverse to the plaintiff.

The plaintiff duly qualified as administrator of D. W. Hartness in South Carolina, and afterwards the defendant Pharr qualfied as administrator in this State for the purpose, it is stated in the case, of bringing said suit to recover damages for the negligent killing of his intestate.

The case was heard in the Court below upon the complaint, answers of the defendants and a demurrer to the answers, and the foregoing facts are taken from the pleadings, the allegations of the complaint having been admitted and the demurrer filed to the special matters set up by way of defense. The defendants annexed a copy of the statute of South Carolina concerning the distribution of intestates' estates, which is as follows: "Section 2468. If the intestate shall leave no child or other lineal descendant, but shall leave a widow, and a father or mother, and brothers and sisters or brother or sister, of the whole blood, the estate, real and personal, of such intestate shall be distributed in the following manner, that is to say, the widow shall be entitled to one moiety thereof, and the other moiety shall be equally divided among the father, or if he be dead, the mother and the children of the whole blood, so that such father or mother, as the case may be, and each brother and sister, shall receive an equal share thereof. The children of a deceased brother or sister, of the whole blood, to take among them the share to which

their parents would have been entitled had such parent sur-
vived intestate; provided, that there be no representation ad-
mitted among collaterals after brother and sister's children.
If the intestate shall leave no widow the provision made for
her shall go as the rest of the estate is directed to be distrib-
uted in the respective clauses in which the widow is provided
for."

The plaintiff contends that under the facts of the case the
distribution should be made according to the laws of this
State, and that, therefore, he is entitled to the whole fund as
the sole distributee or next of kin of the intestate.

The defendants on the contrary insist that the fund should
be administered or distributed under the laws of South Caro-
lina, and that if this is done the plaintiff will be entitled to
one-tenth only, or a child's share, and the balance will go to
the defendants who are the brothers and sisters of the intestate.
The exact contention of the defendants, as we understand it,
is as follows:

1. The defendant Pharr having qualified as administrator
in North Carolina subsequent to the appointment and qualifi-
cation of the plaintiff as administrator in South Carolina,
his administration is ancillary to the plaintiff's administra-
tion in the latter State, and it is the duty of the defendant
Pharr to pay over to the plaintiff, as the original adminis-
trator of the deceased, the funds in his hands in order that
the original administrator may complete his administration
according to the laws of South Carolina, wherein the de-
ceased had his residence at the time of his death. This hav-
ing been done, the fund once reaching the hands of the South
Carolina administrator would be distributed among the next
of kin according to the laws of that State, and the rights of
the parties would be protected.

2. The other view the defendants present is that if the
defendant Pharr, administrator, must distribute the funds

in his hands among the next of kin and thus close his administration, the fund should be distributed as would other personal property in case of intestacy, The Code, sec. 1500, that is, according to the laws of the State wherein the deceased had his residence and domicile at the time of his death.

As between these two opposite claims, we are with the plaintiff, because we believe that upon principle and authority he is entitled to receive the entire fund from the defendant Pharr, subject, of course, to such proper deductions as the law makes in favor of the administrator for costs and expenses, or on account of any payment heretofore made to the plaintiff out of any money in his hands.

It must be admitted that at common law no action would lie to recover damages for the death of a person, though caused by the negligent or other wrongful act of another, and the cause of action upon which a recovery was had in a suit against the railroad companies by Pharr, administrator, was not, therefore, known to the common law, and is solely a creature of statute. The first innovation upon or amendment of the common law, in this respect, was brought about by the enactment of 9 and 10 Vict., ch. 93, commonly called Lord Campbell's Act, because he was its author, and it was mainly through his efforts that it was adopted. It was but one among the many wise and humane reforms of the law attributed to that eminent jurist, who enjoyed the rare distinction and honor of having successively been Chief Justice and Chancellor of England. By that statute it is provided that the action shall be for the benefit of the wife, husband, parent and child of the person whose death is caused by the wrongful act, neglect or default of another, and shall be brought by and in the name of the executor or administrator of the person deceased, and the jury are authorized to give such damages as they may think proportioned to the

injury resulting from the death to the parties respectively, for whom and for whose benefit such action shall be brought, the amount to be divided among the parties in such shares, as the jury by their verdict shall find and direct; and by amendment (27 and 28 Vict., ch. 95) it was provided that if the personal representative did not bring the action within six months after the death occurred, the parties for whose benefit the action was given might themselves bring the same.

The provisions of that act in their essential features have become part of the statute law of nearly all, if not all, of the States, the principal difference between Lord Campbell's Act and the statutes of this country consisting in the method of bringing the action, the designation of the beneficiaries and of the person or persons in whose name the action shall be brought.

It must be borne in mind that whatever the varying forms of the statutes may be, the cause of action given by them, and also by the original English statute, was in no sense one which belonged to the deceased person or in which he ever had any interest, and the beneficiaries under the law do not claim by, through or under him, and this is so although the personal representative may be designated as the person to bring the action. *Baker v. Railroad,* 91 N. C., 308. The latter does not derive any right, title or authority from his intestate, but he sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative, he may perhaps be liable on his bond for its proper administration. *Baker v. Railroad, supra.*

In further elucidation of the question involved in this case, it is well to consider that the cause of action given by the statute is not only one which originates at the death of the

intestate and is by no means a part of the assets of his estate, but that it exists in this particular case only by virtue of a statute of this State, and it arose in this State, as the death occurred here. The Legislature, having created the right to sue for damages in such a case, had the power to annex to it any condition or impose any restriction upon it, including the power to declare how and in what manner the right should be enjoyed. Indeed, the mode of distribution is made an integral part of the cause of action, and cannot, in the nature of the case, be separated from it. This view has been taken by this Court when construing another provision of the statute in regard to the time, one year after the death, within which the action must be brought. In *Taylor v. Iron Co.,* 94 N. C., 526, referring to that provision limiting the time for suing, the Court says: "The State gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it." In *Best v. Kinston,* 106 N. C., 206, it is said that the action could not be brought at common law and is only entertained by the Courts under the provisions of The Code, which embraces the principal features of the English statute, and that the right of action does not vest until the death, which is itself the cause of action.

The Legislature had the power to prescribe the conditions upon which the right should exist, and it must be equally true that it had the power to declare how and in what way the right should be enjoyed, and this it did by section 1500, by which it is provided that "the amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in the case of intestacy." The direction in that section is explicit that the

amount of the recovery shall be disposed of as provided in chapter 33 for the distribution of personal property of intestates, and this provision is made in section 1478 of The Code, which gives the fund to the father, under the facts of this case, he being the next of kin of the intestate. The Legislature might have said, perhaps, that it should go in the way provided by the statute of the State of South Carolina or the place of the intestate's residence and domicile. It did not so declare, but, naturally and reasonably enough, provided that its own laws should govern in the distribution of the money, the suit not being one brought under the statute of South Carolina, but under the statute of this State, the cause of action having arisen here.

The views that we have expressed and the conclusion reached, that the fund must be paid out by the administrator according to our statute, is sustained by the highest authority. One of the leading cases upon the subject is *Dennick v. Railroad,* 103 U. S., 11, in which case it appeared that the death was caused in New Jersey by the negligence of the defendant, who was sued in New York, by an administrator appointed there, for the damages sustained, and it was held that the fund recovered in the action should be distributed in accordance with the statute of New Jersey, under which the action was brought, the cause of action having arisen in that State. The case of *McDonald v. McDonald* (Ky.), 28 S. W., 482, 49 Am. St. Rep., 289, was like the case at bar in all its essential facts, the only difference between the two cases being that in that case the death occurred in Illinois and the action was brought in Kentucky, and that difference, it must be admitted, strengthens it as an authority in this case, where the death occurred and the cause of action arose and the suit was brought in the same State. It was held in that case that, though the suit could be brought and the recovery had by an administrator appointed in Kentucky, the amount recovered

should be paid to the persons entitled to receive the same under the statute of Illinois.

It is our opinion, therefore, and we so decide, as it is clearly established both by reason and authority, that the fund received in such actions must be distributed to the persons who are designated as the beneficiaries thereof by the statute of the place where the cause of action arose, and this is so even if the cause of action arose in one State and the suit is brought in another, for in such case the recovery must always be to the same uses as would be a recovery in a suit brought in the State where the cause of action originated. *Nelson v. Railroad,* 88 Va., 971; 15 L. R. A., 583; *Morris v. Railroad,* 65 Iowa, 727; 54 Am. Rep., 39; *In re Degamore,* 86 Hun., 390; *Stoeckman v. Railroad,* 15 Mo. App., 503; *Fable v. Railroad,* 65 N. E. Rep. (Ind.), 929; *Railroad v. Sullivan,* 120 Fed. Rep., 799; 61 L. R. A., 410.

The administration of the defendant Pharr is not ancillary to that of the administration in South Carolina, so far as the fund now in his hands which was recovered from the railroad companies is concerned. In no possible view, as we have said, can this fund be regarded as a part of the assets of the estate of the deceased. The cause of action never accrued to him and never came into existence until his death, and the recovery thereon cannot be considered or treated as any part of his estate. The doctrine that the succession to personal property is determined by the law of the intestate's domicile, as laid down in *Leak v. Gilchrist,* 13 N. C., 75, which was cited in the brief of the defendant's counsel in support of his position, has no application to this case. The personal representative in South Carolina in right of the next of kin succeeded to no property, because his intestate died leaving none, unless he had effects other than the money now claimed as a part of his estate. To require the defend-

ant Pharr to pay the money to the South Carolina administrator would be in direct contravention of our statute.

The fund, subject to the deductions already mentioned, must be paid to the plaintiff, who is entitled to receive it as the sole next of kin of the intestate, to the exclusion of the defendants. There was no error in the ruling of the Court below.

Judgment affirmed.