VANCE v. RAILROAD.

(Filed May 23, 1905.)

*Administrators—Presumption of Validity—Appointment—*
*Existence of Assets—Cause of Action for Death.*

1.  Where it is admitted that the plaintiff was regularly appointed administrator, it will be presumed, in the absence of any evidence that the deceased did not leave assets in this State or that assets belonging to him have not come into the State since his death, that the clerk acted within his jurisdiction.

2.  Where a non-resident was negligently killed by the defendant, in this State, the cause of action given by section 1498 of the Code (Lord Campbell's act) is sufficient as a basis for the grant of letters, under section 1374 (4) of the Code, in the county where the injury and death occurred.

ACTION by Elisha Vance, administrator of J. R. Vance, against Southern Railway Company, heard by *Judge Walter H. Neal,* at the April Term, 1905, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendant appealed.

The defendant is a Virginia corporation but operates a line of railway both in North Carolina and Tennessee. The plaintiff's intestate was at the time of his death domiciled in the State of Tennessee, and left him surviving a wife, Matilda Vance, resident at Knoxville, in the State of Tennessee, and a father, Elisha Vance, resident in Buncombe County, North Carolina. The intestate left no children or representatives of children. He was injured by a locomotive of the defendant in Asheville, Buncombe County, N. C., on January 1, 1905, and died in Buncombe County on the same day from said injuries. On January 10, 1905, Elisha Vance applied to the Clerk of the Superior Court of Buncombe County for letters of administration upon the estate of the intestate, and the records of said court show that, at the time Elisha Vance

filed his application with the clerk, a statement in writing was filed with the clerk and signed by Matilda Vance, wife of the intestate, renouncing her right to administer upon the estate of her husband, and authorizing and directing the clerk to appoint Elisha Vance, father of the intestate, as adminstrator of his estate. The clerk on said day duly appointed Elisha Vance administrator. The proceedings for the appointment of Elisha Vance as administrator aforesaid were regular.

The defendant agreed to pay the plaintiff $1,250 in consideration of the full settlement and release of his claim for damages for the wrongful death of the plaintiff's intestate. The defendant refused to pay the said amount on demand and alleged, as a defense and as a reason why said money had not been paid, that in another suit brought in Tennessee by Matilda Vance, administratrix of said J. R. Vance, appointed by the proper court in Tennessee, against said defendant, for the same cause of action, the defendant had been enjoined in said State by the Chancery Court thereof from compromising said cause of action with, or paying anything on account thereof to, any other person than said administratrix. The said Matilda Vance was appointed administratrix after the appointment of the plaintiff and after the compromise had been effected.

The plaintiff moved for judgment on the pleadings at April Term of the Superior Court of Buncombe County, and at the hearing the court allowed the motion and entered judgment in favor of the plaintiff for the said sum. The defendant excepted to the judgment and appealed. It is assigned as error that the court erred in allowing the motion for judgment upon the defendant's answer and in entering the judgment set out in the record.

*Locke Craig* and *Zebulon Weaver* for the plaintiff.
*Moore & Rollins* for the defendant.

WALKER, J., after stating the case: The question in this case is whether the appointment of Elisha Vance as administrator of the intestate is valid. The defendant contests the validity of the letters of administration upon the ground that the clerk of the Superior Court of Buncombe County had no jurisdiction to issue them, as it appears the intestate was not domiciled in this State at the time of his death, but in the State of Tennessee, and that in such case, under section 1374, sub-section 4 of The Code, letters could not be issued unless the intestate not only died in the county of the clerk, but left assets in the State or assets of the decedent have since come into the State. This position cannot be sustained, as it does not appear in the case that the decedent did not leave assets in this State or that assets belonging to him have not come into the State since his death. We do not mean to say that the validity of the letters cannot be questioned collaterally, the existence of such assets and their proper *situs* being a jurisdictional matter, but in the absence of any proof, one way or the other, we must assume that the clerk acted within his jurisdiction and that he has done his duty, a presumption that should perhaps be indulged in the case of every judicial officer until the contrary appears. It is admitted by the defendant that the plaintiff was regularly appointed administrator of the decedent, and this is all that does appear. With this admission before us and nothing else appearing to impeach the plaintiff's appointment as administrator, we must hold that it was lawfully made and that he has the right to prosecute this action. *Lyle v. Siler,* 103 N. C., 261; *Shoenberger's Estate,* 139 Pa. St., 132; *In re Estate Mayo,* 60 S. C., 401; 11 A. & E. Enc. Law, (2nd Ed.), 785.

But the letters may be sustained on another ground. We held in *Harlness v. Pharr,* 133 N. C., 566, that the money recovered in an action brought under section 1498 of The Code (Lord Campbell's Act) is no part of the assets of the decedent in the sense that it must be distributed according

to the law of the domicile, as the cause of action never belonged to the intestate and as the method of distribution prescribed by our statute is an essential element of this new remedy given by the statute and which did not exist at common law. The distribution of the fund, wherever recovered, must therefore be made according to the law of this State. *Dennick v. Railroad,* 103 U. S., 11. But it does not follow that the cause of action given by the statute is not sufficient as a basis for the grant of letters in this State and in the county where the injury and death occurred. To hold otherwise we think would in many cases defeat the object of the Legislature in passing the statute. It is provided therein that the action shall be brought by the administrator, and the statute embraces not only an intestate who was a resident of this State and a person domiciled here, but also a non-resident domiciled elsewhere, whose death was caused by a negligent or wrongful act. If it should so happen that a decedent, whose death was thus caused, had no assets in the State at the time of his death and none should afterwards come therein, the next of kin, as beneficiaries of the statute, would be deprived of their right of action for damages, which was surely not contemplated by the Legislature. When it was provided that the action should be brought by the administrator, it was intended that he should be appointed by the clerk of the county where the death occurred, if the decedent was a non-resident domiciled in another State and without assets situated here; otherwise, the statute as to such non-resident would be nugatory. This view of the law is sustained by the weight of authority at least. In *Hutchins v. Railroad,* 44 Minn., 7, the court says: "It would seem to follow, from the appellant's logic, that if the deceased left no assets, strictly so called, no administration could ever be had, and consequently the statutory right of action for the benefit of the next of kin could never be enforced. This right of action is given in case of the death of any person, whether a resi-

dent of the State, or only sojourning temporarily, in it at the time of his receiving the injuries causing his death. The law will not allow it to be defeated for want of a party to maintain it. The fact that the statute gives such a right of action to the personal representative, and to him alone, implies the right to appoint, if necessary, an administrator to enforce it, and administer the proceeds in accordance with the statute." "Speaking strictly," says the court in *Brown v. Railroad,* (Ky.) 30 S. W., 640, "within the line of the general statutes on this subject, defining when, under what circumstances and what courts shall have power to appoint an administrator for a non-resident decedent, it may be that the matter sued for in this action is not a debt or demand belonging to, or owned by the decedent at the time of his death. Neither is it strictly personal estate of the decedent. But beyond these general statutes, we think the particular statute applicable to cases of this kind wherein the right of action is expressly given to an administrator, necessarily implies the right to have an administrator appointed by the local courts for this purpose alone, if there be no other necessity or right or authority for such an appointment. And we deem the court of the county where the injury was done and where the man died the proper court to entertain such jurisdiction." In the case of *In re Estate of Mayo,* 60 S. C., 415, it was said: "The statute is remedial and should be liberally construed so as to accomplish its object. We therefore hold that the statute creating a right of action which cannot be enforced except by an administrator, and providing for a special distribution by said administrator of the proceeds, will warrant the probate court of the county where the intestate was killed in granting administration for the purpose of enforcing such right of action. This view is well supported by authority in other jurisdictions."

The provisions of the law construed in the cases cited and in numerous other cases mentioned therein, are substantially

like those to be found in section 1498 and section 1374, sub-section 4 of our Code. The construction given by those courts to similar enactments appears to be so reasonable and so much in accord with their intent and spirit that we do not hesitate to adopt it as the correct exposition of our own law. Whether the administratrix appointed in Tennessee is entitled to recover against the defendant for the same cause of action stated in this case is a question not now before us. We have discussed the only question presented by counsel and find no error in the decision of the same by the court below.

No Error.