ALICE BROADNAX v. ALICE BROADNAX, ADMINISTRATOR, ET AL.

(Filed 7 November, 1912.)

1. Negligence—Wrongful Death—Common Law—Interpretation of Statutes.

    The right of recovery for the wrongful death of another did not exist at common law, and rests entirely on statute.

2. Widow's Year's Support—Common Law—Interpretation of Statutes.

    The widow's right to a year's support from the effects of her deceased husband is purely statutory. ,

3. Negligence—Wrongful Death—Widow's Year's Support—Interpretation of Statutes.

    Under our statute (Revisal, sec. 3095) the widow's year's support is assignable from the personal effects of her deceased husband "in possession at the time of his death" in a certain prescribed manner, and the right of recovery for his wrongful death, being conferred by statute after his death, the damages have never belonged to the deceased, and the widow is not entitled to have her year's support assigned to her therefrom.

4. Same.

    The amount of damages recovered for a wrongful death, by express provision of our statute, not being "liable to be applied as assets, in the payment of debts and legacies," but to "be disposed of as provided in this act for the distribution of personal prop-

erty in case of intestacy," Laws of 1868-9, ch. 113, which was brought forward in The Code of 1883 and Revisal, secs. 59 and 60, with the change that the recovery in such instances "shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy": *Held,* that there being no provision in that chapter for the widow's year's support, she is not entitled to have it set apart from a recovery of this character.

APPEAL by plaintiff from *O. H. Allen, J.,* at September Term, of FORSYTH.

This is a controversy submitted without action, and the material facts are, that William Broadnax, the husband of Alice Broadnax, the plaintiff herein, was an employee at the plant of the Reynolds Tobacco Company, and while so employed, was killed. He left several children, both minors and adults, but no property, either real or personal. Alice Broadnax qualified as his administratrix and settled any claim which she, as administratrix, had by reason of the death of her intestate, receiving as the result of said settlement the sum of $900, and the only question involved in this appeal is whether Alice Broadnax, as the widow of William Broadnax, is entitled to her year's allowance out of the said fund of $900.

His Honor held against the claim for a year's allowance, and the widow excepted and appealed.

*John M. Robinson for plaintiff.*
*W. Reade Johnson for administratrix.*
*Louis M. Swink for defendants.*

ALLEN, J. At common law, there was no right of action to recover damages for wrongful death, and the right of action conferred by statute is one that did not exist before. *Killian v. R. R.,* 128 N. C., 261; *Bolick v. R. R.,* 138 N. C., 371.

The right of the widow to a year's support is also purely statutory. *Williams v. Jones,* 95 N. C., 506.

It follows, therefore, that the determination of this controversy depends upon a construction of the two statutes.

The first was enacted in 1854 (Laws 1854-5, ch. 39), and was reënacted in the Revised Code, ch. 1, secs. 8, 9, 10, and 11; in

160—28

the Laws of 1868-9, ch. 113, secs. 70, 71, and 72; in The Code of 1883, secs. 1498, 1499, and 1500, and in the Revisal of 1905, secs. 59 and 60.

In the original act and in the Revised Code, it was provided that any recovery of damages should be disposed of according to the statute for the distribution of personal property in case of intestacy, and in the Acts of 1868-9, in The Code of 1883 and in the Revisal of 1905, the statute became a part of the chapter for the settlement of the estates of deceased persons, it being provided in the first (Laws '68-9) that, "The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, but shall be disposed of as provided in this act for the distribution of personal property in case of intestacy," and in the others (Code 1883 and Revisal 1905): "The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy."

Note that the language since The Code of 1883 is that the amount recovered shall be disposed of as provided "in this chapter" for the distribution of personal property in case of intestacy, and when we turn to the chapter we find the Statute of Distribution a part of it, but no provision therein for the widow's year's support.

It would seem, therefore, that the language of the statute conferring the right of action in the event of death is directly opposed to the contention of the widow, and if we examine the provisions relating to a year's allowance, this conclusion is supported and strengthened.

Revisal, 3095: "Such allowance shall be assigned from the crop, stock, and provisions of the deceased in his possession at the time of his death, if there be a sufficiency thereof in value; and if there be a deficiency, it shall be made up by the personal representative from the personal estate of the deceased."

The allowance can only be set apart from the personal estate of the deceased, and the right of action for wrongful death, being conferred by statute at death, never belonged to the deceased,

and the recovery is not assets in the usual acceptation of the term. *Baker v. R. R.,* 91 N. C., 310; *Hartness v. Pharr,* 133 N. C., 566; *Vance v. R. R.,* 138 N. C., 463.

In the *Baker case* the Court says: "The administrator thus occupies the place of trustee, for a special purpose, of such fund as he may obtain by the suit, holding it when recovered solely for the use of those who are entitled under the statute of distributions, free from the claims of creditors and legatees, and subject only to such charges and expenses, inclusive of counsel fees and his own commissions, as may have been reasonably incurred in prosecuting and securing the claim. Diminished by these deductions, the remaining duty is to pay over to the distributees"; and in the *Hartness case:* "It must be borne in mind that, whatever the varying forms of the statutes may be, the cause of action given by them, and also by the original English statute, was in no sense one which belonged to the deceased person, or in which he ever had any interest, and the beneficiaries under the law do not claim by, through, or under him; and this is so although the personal representative may be designated as the person to bring the action. The latter does not derive any right, title, or authority from his intestate, but sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative he may perhaps be liable on his bond for its proper administration."

It is true, the recovery is spoken of as a part of the estate of the deceased, in *Neill v. Wilson,* 146 N. C., 244, but only for the purpose of distribution.

There is

No error.