J. H. HOOD, Administrator, v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY.

(Filed 26 April, 1913.)

1. **Executors and Administrators—Wills—Personal Assets—Wrongful Death—Damages—Interpretation of Statutes.**

    The right to recover damages for wrongful death rests entirely on statute, Revisal, sec. 59, and when a recovery is had therefor it is not a part of the personal assets of the deceased; and the husband of deceased who left a will disposing of all of her property and naming another as executor, may not qualify

as her administrator upon the theory that his wife had died partially intestate as to such damages, and as such maintain an action to recover them. Revisal, sec. 4.

2. Same—Parties.

Where a deceased has left a will disposing of all his property and therein naming an executor, the right of action against a defendant for his wrongful death must be by the executor named; for the right of action being purely statutory, the one entitled to sue is governed by the provision of the statute, which gives it to the executor, when one is named, and not to the one who would have had the right of administration in case of intestacy. Revisal, sec. 59.

APPEAL by plaintiff from *O. H. Allen, J.,* at October Term, 1912, of CASWELL.

The plaintiff brings this action to recover damages caused by the wrongful conduct of the defendant, resulting in the death of the plaintiff's intestate, Jennie Hood, his wife. At the time of the death of Jennie Hood she had made a will devising and bequeathing her property to Annie Land, and appointing her executrix of her will. The will purports to dispose of all the property of the testatrix, and has a general residuary clause. The plaintiff, J. H. Hood, demanded of the executrix that she bring an action against the defendant for damages for the wrongful death of his wife, and when she declined to do so, he then applied to the clerk for letters of administration, and upon the same being issued, commenced this action. His Honor being of opinion the plaintiff could not maintain the action, dismissed it, and the plaintiff excepted and appealed.

*P. W. Glidewell and Justice & Broadhurst for plaintiff.*
*Wilson & Ferguson for defendant.*

ALLEN, J. The contention of the plaintiff is that the right of action for wrongful death is a part of the personal estate of the wife, and as it was not in terms and could not be disposed of by her will, she died "partially intestate," and that he is, therefore, entitled to administer such part of the estate under section 4 of Revisal, providing that the husband may administer on the personal estate of his wife if she "shall die wholly or partially intestate."

The error in the contention is in assuming that the right of action is a part of the personal estate of the wife.

We held otherwise at the last term in *Broadnax v. Broadnax,* 160 N. C., 432, where the authorities are cited supporting the opinion.

In that case the widow sought to have a year's allowance or support allotted from a recovery of damages for the wrongful death of her husband, and in denying her petition we said: "The allowance (to the widow) can only be set apart from the personal estate of the deceased, and the right of action for wrongful death, being conferred by statute at death, never belonged to the deceased, and the recovery is not assets in the usual acceptation of the term. *Baker v. R. R.,* 91 N. C., 310; *Hartness v. Pharr,* 133 N. C., 566, 45 S. E., 901, 98 Am. St. Rep., 725; *Vance v. R. R.,* 138 N. C., 463, 50 S. E., 860."

We also cited the case of *Neill v. Wilson,* 146 N. C., 244, and pointed out that when it spoke of a recovery for wrongful death as a part of the estate of the deceased, it referred to such a recovery being a part of the estate only for the purpose of distribution.

The statute conferring the right of action (Revisal, sec. 59) is also conclusive against the plaintiff.

Prior to the statute, which was first enacted in 1854, there was no right of action to recover damages for wrongful death (*Killian v. R. R.,* 128 N. C., 261), and as the right of action is conferred by the statute, it may designate who may sue.

In 8 A. and E. Ency. Law, 887, the author says: "The right of action for the death of any person caused by the wrongful act of a defendant is, with the isolated exceptions mentioned, purely statutory, and in all cases the statute must be looked to in determining to whom such right belongs."

When we turn to our statute, we find that the right of action is given to the executor, administrator, or collector, and there being an executor in this case, the plaintiff cannot sue. The statute designates the person to bring the action and determines the disposition of the recovery.

As was well said by *Justice Walker* in *Hartness v. Pharr,* 133 N. C., 570: "It must be borne in mind that whatever the

varying forms of the statutes may be, the cause of action given by them, and also by the original English statute, was in no sense one which belonged to the deceased person or in which he ever had any interest, and the beneficiaries under the law do not claim by, through, or under him; and this is so although the personal representative may be designated as the person to bring the action. *Baker v. R. R.,* 91 N. C., 308. The latter does not derive any right, title, or authority from his intestate, but he sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative he may perhaps be liable on his bond for its proper administration. *Baker v. R. R., supra.*"

The wife in this case left a will in which she purports to dispose of all of her property, and she carefully adds a general residuary clause, and if her executrix cannot maintain an action for wrongful death, the word "executor" may as well be stricken from section 59 of the Revisal, as she has done all that human foresight could provide against, and ought not to be required to anticipate a wrongful death and to dispose of the fruits of such a recovery to avoid dying "partially intestate."

Affirmed.