Lonnie **MILLER**, Administrator of the Estate of Albert Miller, Jr., Deceased, and Albert Miller, Sr., Plaintiffs,

v.

**Ely J. PERRY and Wife, Elizabeth Perry, Defendants.**

Civ. A. No. 770.

United States District Court
E. D. North Carolina,
New Bern Division.

May 2, 1969.

Darris W. Koonce, Trenton, N. C., Douglas P. Connor, Mt. Olive, N. C., for plaintiffs.

A. H. Jeffress, Kinston, N. C., for defendants.

## MEMORANDUM OPINION

RICHARD B. KELLAM,* District Judge.

This action was instituted by Lonnie Miller, Administrator of the Estate of Albert Miller, Jr. and Albert Miller, Sr. against Ely J. Perry and wife, to recover damages for the alleged negligence of defendants resulting in the death of Albert Miller, Jr. The deceased and his father, Albert Miller, Sr., are non-residents of North Carolina. Lonnie Miller, the Administrator appointed in North Carolina, and defendants are residents of North Carolina.

Albert Miller qualified as Administrator of his son's estate in Florida. He instituted suit in this Court (Civil Action No. 737) in July 1967 against these defendants on the same cause of action. Judge Larkins dismissed that suit for the reason no such action may be maintained except in the name of an administrator who is a resident of North Carolina. North Carolina General Statutes § 28-8.

A North Carolina resident duly qualified as administrator and instituted this

* Under designation.

action. Defendants move to dismiss for lack of diversity.

■ At common law no right of action for wrongful death exists. It exists in North Carolina solely by statute. Horney v. Meredith Swimming Pool Company, 267 N.C. 521, 148 S.E.2d 554 (1966). "The right of action conferred by said statute vests in the personal representative of the deceased." Horney v. Meredith, etc., supra, First Union National Bank of North Carolina v. Hackney, 266 N.C. 17, 145 S.E.2d 352. The only party who may maintain such action for wrongful death is "the executor, administrator or collector of the decedent." General Statutes of North Carolina § 28–173; First Union National Bank of North Carolina v. Hackney, supra; Hall v. Southern R. R. Co., 149 N.C. 108, 62 S.E. 899. The right of action is for the personal representative of the deceased only. "The right of action for wrongful death, being conferred by statute at death, never belonged to the deceased * * *." In Re Ives' Estate, 248 N.C. 176, 102 S.E.2d 807, 810, 72 A.L.R. 2d 278. A non-resident cannot qualify as the administrator of the assets of a decedent located in North Carolina. North Carolina General Statutes § 28–8. A North Carolina resident is the only one who can meet the requirements of the statute. The action can only be instituted by a personal representative duly qualified in North Carolina. General Statutes, supra, Horney v. Meredith, etc., supra; First Union National Bank of North Carolina v. Hackney, supra; Carr v. Lee, 249 N.C. 712, 107 S.E.2d 544.

In Re Ives' Estate, supra [102 S.E.2d 807, at page 810], the Court said:

This Court said in Hartness v. Pharr, supra [133 N.C. 566, 45 S.E. 901, 903]: "It must be borne in mind that, whatever the varying forms of the statutes may be, the cause of action given by them, and also by the original English statute, was in no sense one which belonged to the deceased person, or in which he ever had any interest, and

the beneficiaries under the law do not claim by, through, or under him; and this is so although the personal representative may be designated as the person to bring the action. Baker v. Raleigh R., 91 N.C. 308. The latter does not derive any right, title, or authority from his intestate, but he sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it, when recovered, actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative he may perhaps be liable on his bond for its proper administration. Baker v. Raleigh R., supra."

■ While the complaint here lists Albert Miller, Sr. as a party plaintiff, he has no standing as such and he has no right or cause of action.

Under the General Statutes of North Carolina § 28–173, the amount recovered in a death action is not liable to be applied as assets of the estate, "except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding five hundred dollars ($500.00) incident to the injury resulting in death * * * but shall be disposed of as provided in the Intestate Succession Act." First Union National Bank of North Carolina v. Hackney, supra.

"The personal representative who institutes a wrongful death action is not a mere figurehead or naked trustee but has authority as well as responsibility." First Union National Bank of North Carolina v. Hackney, supra.

Plaintiff says that the deceased and the father of the deceased were residents of Florida; that the father qualified as administrator of the deceased's estate in Florida; that he is the party who would be entitled to receive the distribution of any recovery in this action; and therefore, the administrator in North Carolina, plaintiff states, is only a "straw-man" or nominal party. He says the father of

deceased is the real party in interest, and that diversity exists. On the other hand, defendant says the administrator is the real party in interest. This question was before the United States Supreme Court in Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, where at page 186, 52 S.Ct. 84, at page 85, 76 L.Ed. 233, 77 A.L.R. 904, it was said:

It is settled that the federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship. Childress v. Emory, 8 Wheat. 642, 5 L.Ed. 705; Coal Co. v. Blatchford, 11 Wall. 172, 20 L.Ed. 179; Rice v. Houston, 13 Wall. 66, 20 L.Ed. 484; Amory v. Amory, 95 U.S. 186, 24 L.Ed. 428; Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563; American Bible Society v. Price, 110 U.S. 61, 3 S.Ct. 440, 28 L.Ed. 70; Continental Life Insurance Co. v. Rhoads, 119 U.S. 237, 7 S.Ct. 193, 30 L.Ed. 380. It was, however, held by the court below that this principle is inapplicable to a case, like the present, where the administrator sues, not for the benefit of the estate, but of certain named beneficiaries amongst whom the amount recovered must be divided.

\* \* \* \* \* \*

The petitioner insists that, where an administrator is required to bring the suit under a statute giving a right to recover for death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity,[1] he is the real party in interest and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction. This we think is the correct view.

\* \* \* \* \* \*

Under these circumstances the rule laid down in Mexican Central Ry. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245 is applicable. That was an action in a federal court in Texas by a guardian, a citizen of that state, against a Massachusetts corporation, to recover for an injury to a minor which occurred in Mexico. A plea in abatement averred that the ward and his parents were citizens of Illinois, and that the court was therefore without jurisdiction. This Court examined the state law and ascertained that it authorized a guardian to bring suit in his own name. It was held that his citizenship, not that of his ward, determined the right to resort to the federal court. At page 434 of 187 U.S., 23 S.Ct. 211, 213, it was said:

"If in the state of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian *ad litem* or next friend. He is liable for costs in the event of failure to recover and for attorneys' fees to those he employs to bring the suit, and in the event of success, the amount recovered must be held for disposal according to law, and if he does not pay the same over to the parties entitled, he would be liable therefor on his official bond."

See also City of Detroit v. Blanchfield (C.C.A.Mich.), 13 F.2d 13, 47 A.L.R. 314.

It has been held that the same rule applies in the case of suits by administrators to recover for death by wrongful act, whether the statute provides that the amount recovered be for certain relatives of the decedent or be general assets of the estate. Harper v. N. & W. R. Co. (C.C.A.Va.), 36 F. 102; Popp v. C. H. & D. Ry. Co. (C.C.A.Ohio), 96 F. 465; C. H. & D. R. Co. v. Thiebaud (52 C.C.A. 538), 114 F.

---

1. This is the same in North Carolina.

918; Bishop v. B. & M. R. Co. (C.C. Mass.), 117 F. 771; Memphis St. Ry. Co. v. Bobo (146 C.C.A. 634), 232 F. 708.

In Grady v. Irvine, 254 F.2d 224, 226, 4th Cir., dealing with the same issue, the Court said:

It is settled that where a personal representative initially files an action for wrongful death, it is the residence of the representative, not that of his decedent, which is relevant in the resolution, for purposes of federal jurisdiction, of the question of diversity of citizenship. Mecom v. Fitzsimmons Drilling Company, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 [77 A.L.R. 904].

Also pertinent to the issue here is the language of the Court in the *Grady* case, at page 28 [254 F.2d 224, 228] where it was said:

The new action which, alone, the plaintiff now seeks to prosecute, if initially filed as such, under no circumstances could have been prosecuted by any one in the federal jurisdiction in Virginia. The defendant is a citizen of Virginia, and Virginia requires that the personal representative who prosecutes an action under its wrongful death act must be a resident of that state. This requirement has been held to be binding in the Federal Courts. Holt v. Middlebrook, 4 Cir., 214 F.2d 187, 52 A.L.R.2d 1043. See also Rybolt v. Jarrett, 4 Cir., 112 F.2d 642.

Janzen v. Goos, 302 F.2d 421, 425 (8th Cir. 1962), says:

When an action is brought by an administrator or other fiduciary and the governing state law authorizes that fiduciary to bring suit in his own name as the real party in interest, it is the fiduciary's personal citizenship, not the identity of the state from which he receives his appointment or the citizenship of the persons for whose benefit the action is brought, which is pertinent in the ascertainment of the existence of diversity. Mecom v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 186, 52 S.Ct. 84, 76 L.Ed. 233 [77

A.L.R. 904]; Memphis Street Ry. Co. v. Moore, 1917, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733; Smith v. Sperling, supra, p. 93 *and footnote 1 of 354 U.S.*, 77 S.Ct. 1112, 1 L.Ed.2d 1205; Moore's Federal Practice (2d Ed.), Vol. 3, Par. 17.04, pp. 1313–4. This court has so held on a number of occasions. County of Todd v. Loegering, 8 Cir., 1961, 297 F.2d 470, 472–475; McCoy v. Blakely, 8 Cir., 1954, 217 F.2d 227, 230–231; Minnehaha County v. Kelley, 8 Cir., 1945, 150 F.2d 356, 358; Curb & Gutter Dist. No. 37 v. Parrish, 8 Cir., 1940, 110 F.2d 902, 906. Compare Martineau v. City of St. Paul, 8 Cir., 1949, 172 F.2d 777. See Nebraska v. Northwestern Engineering Co., D.Neb., 1946, 69 F.Supp. 347. (Italics added)

The footnote to Smith v. Sperling, 354 U.S. 91, at page 93, 77 S.Ct. 1112, at page 1113, 1 L.Ed.2d 1205, 68 A.L.R.2d 805 says:

While the action was pending plaintiff died and for him a special administrator has been substituted. The latter is a citizen of California.

Had the suit been originally commenced by the decedent's representative, it would have been the citizenship of the representative which would have been determinative of jurisdiction in this diversity case. See Chappedelaine v. Dechenaux, 4 Cranch 306, 2 L.Ed. 629; Childress v. Emory, 8 Wheat. 642, 669, 5 L.Ed. 705; Mexican Central R. Co. v. Eckman, 187 U.S. 429, 434, 23 S.Ct. 211, 213, 47 L.Ed. 245; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 186, 52 S.Ct. 84, 85, 76 L.Ed. 233 [77 A.L.R. 904].

In Barron and Holtzoff, Federal Practice and Procedure, Volume 2, Section 428, the author said "[M]ost authorities agree that the 'real party in interest' is the party who, by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."

Plaintiff relies upon the language in Broadfoot v. Everett, 270 N.C. 429, 154 S.E.2d 522; In Re Ives' Estate, 248 N.C.

176, 102 S.E.2d 807, 72 A.L.R.2d 278; and Davenport v. Patrick, 227 N.C. 686, 44 S.E.2d 203, where the Court used language that the beneficiaries in a death action were the real parties in interest and that as such the administrator was a "straw-man." Plaintiff says this is so because the funds—after payment of the sums provided for by statute—will be paid to the father. What those cases held was that the Court would look beyond the parties to the suit and prevent a beneficiary from obtaining any sum by way of recovery in a death by wrongful act where his own wrong had brought about the death. In First Union National Bank of North Carolina v. Hackney, supra [145 S.E.2d 352, at 356], the Supreme Court of North Carolina in passing on this same contention that the person entitled to the recovery *is the real party in interest*, said that "the significance of the phrase as used in the cited cases must be considered in the context of the factual situation under consideration." The Court continued that "these decisions are based on the proposition that no person will be permitted to profit from his own wrong." Further, at page 358 [145 S.E.2d 352], the Court said there is no exception in the statute "to the effect the personal representative's right to maintain such action depends in any way on the identity of the particular persons who, under the Intestate Succession Act, would be entitled to the recovery." The right to "maintain the action for wrongful death is granted irrespective of the beneficiaries named." 145 S.E.2d 359.

■ Since under the Statute of North Carolina the right to maintain a wrongful death action is purely statutory, the statute vests in the personal representative the sole right to maintain the action, and the personal representative must be a resident of North Carolina—as he is in this case—and defendants are also residents of North Carolina, no diversity exists. Without it, there is no jurisdiction in this Court.

The motion to dismiss is granted and this action is accordingly dismissed, without prejudice, for lack of jurisdiction.