ALICE H. HUNTER v. TIFFANY WEST ET AL.

(Filed 4 October, 1916.)

1. **Limitation of Actions—Alleys—Nonuser—Adverse Possession — Trials— Evidence—Instructions.**

An alleyway for the use of certain lots in a plat of land which in fact has never been laid off, but fenced in and used by one of the parties for more than twenty years under sufficient adverse possession, and this appears by the admissions in the pleadings and the unconflicting evidence of the parties to the litigation: *Held,* in an action to enforce the opening of such way an instruction by the court that if the jury believed the evidence they should answer the appropriate issue in the affirmative, that the plaintiff had lost the right to the alley by failure to use it, etc., was not erroneous.

2. **Limitation of Actions—Judgments—Executions—Alleys.**

An action to enforce the execution of a decree of court confirming a report that an alley was to be laid off in certain lands is barred by the ten-year statute of limitations. Revisal, sec. 399

APPEAL by plaintiff from *Bond, J.,* at April Term, 1916, of LENOIR.

*T. C. Wooten and Rouse & Land for plaintiff.*
*G. V. Cowper and R. H. Lewis, Jr., for defendants.*

CLARK, C. J. This is an action to enforce the opening of an alleyway. The plaintiff's grantor and the defendants, or those under whom they claim, were parties to a partition of the lands of R. W. King, deceased. A clause in the report of the commissioners, confirmed 16 March, 1894, provides: "In order to make said allotment convenient, the committee have laid off and allotted an alleyway 20 feet wide, to run in a northern and southern direction through all of said lots beginning on the northern side of King Street at a point 210 feet from the corner of King and Queen streets and running parallel with Queen Street to the Miller or Dunn line."

The summons in this case was issued 9 August, 1915, more than twenty-one years later. The defendants plead the statute of limitations of twenty years adverse possession. There is evidence that the alley described and allotted in the report was never physically and actually laid off and used. The defendants also rely upon the plea of abandonment and nonuser. On the intimation of the court that it would instruct the jury if they believed the evidence they should answer the second issue, "Has the plaintiff lost the right to the alleyway by failing to use the same, or by adverse user thereof by others, or in any other way?" in the affirmative, the plaintiff took a nonsuit and appealed. In the view expressed by the court there was no error.

We pass by the objections urged by the defendants, that certain of the defendants have not been served, and, therefore, that the decree could not be entered opening up only a disconnected part of the alleyway, and also the objection raised that it was beyond the scope of the authority of the commissioners in making partition to direct an alleyway to be laid off. We prefer to put our decision upon the ground that the alleyway not having been shown ever to have been in use, there has been an abandonment by the plaintiff of any right to cause the same to be now laid out after twenty years of nonuser, and that the presumption of abandonment is not rebutted. And also upon the ground that possession for twenty years by the defendants and those under whom they claim is necessarily an adverse possession as to a right of way, and the same having continued more than twenty years with possession under known and visible metes and bounds, is a bar to a recovery by the plaintiff, especially as there is no evidence that the alleyway has ever been used.

If the proceeding be considered as an action to enforce the execution of the decree which confirmed the report directing the alleyway to be laid off, and such action was within the scope of the authority of the commissioners, the action is barred by the lapse of ten years. Rev., 399; *Smith ex parte,* 134 N. C., 495; *McAden v. Palmer,* 140 N. C., 258; *Rice v. Rice,* 115 N. C., 43. The decree does not mention the alleyway.

Adverse possession by defendants for more than twenty years is

11—172

admitted by the allegations in the complaint, which are binding on the plaintiff, and which set out that the defendants have held continuous adverse possession of the alleyway. The complaint does not allege that the alley was ever laid off and in use. This would justify a nonsuit. Besides, there is abundant testimony as to the actual holding of the land adversely. The allegations in the complaint in paragraphs 9, 10, and 11 are that the defendants, "against the interest and rights of the plaintiff, have denied and continued to deny the plaintiff's right and privilege of ingress and egress over and through the alley." The evidence of the defendants is that there never has been such an alley, no attempt to lay it off, and that all the land covered by the proposed alley has been in the open, notorious, and adverse possession of the defendants and those under whom they claim ever since the division proceeding; that it has been under fence and with buildings on it, and at no time would it have been possible to lay out the alley except by invading the actual inclosures of defendants and tearing down permanent structures. This state of fact is shown also by plaintiff's evidence and is nowhere contradicted. The mere fact that the parties have had the same agent to collect rents and pay taxes in no wise conflicts with the allegations in the complaint and the evidence of both parties to the above effect. *Land Co. v. Floyd,* 171 N. C., 543.

No error.