MILTON GRAGG AND WIFE, RUBY GRAGG v. D. R. BURNS AND WIFE, FRANCES BURNS

No. 7025SC345

(Filed 5 August 1970)

1. **Rules of Civil Procedure § 1— date of application**

     An action tried subsequent to 1 January 1970 is subject to the Rules of Civil Procedure.

2. **Rules of Civil Procedure § 50; Appeal and Error § 59— motion for directed verdict — waiver — review**

     Where defendants failed to renew their motion for a directed verdict following plaintiffs' additional evidence, the Court of Appeals will not pass upon the sufficiency of the evidence to survive a motion for a directed verdict.

3. **Highways and Cartways § 11— neighborhood public roads — sufficiency of pleadings**

     In plaintiff's action seeking to enjoin defendants from obstructing an alleged public road, defendants were not entitled to a dismissal of the action on the ground that the action was one to establish a neighborhood public road under G.S. Ch. 136 and the clerk therefore had original jurisdiction over the action, where the complaint did not allege that the road in controversy was a neighborhood public road nor did it refer to G.S. 136, Art. 4.

4. **Evidence § 25— aerial photographs — admissibility — authentication**

     Where an aerial photograph was not properly authenticated for introduction into evidence, its admission over objection was prejudicial to defendants in an action to restrain them from obstructing a public road.

APPEAL by defendants from *Martin (Harry C.), J.,* 26 January 1970 Civil Session, CALDWELL Superior Court.

This is an action in which plaintiffs seek to enjoin defendants from obstructing an alleged public road. Plaintiffs allege that the road leads from a state maintained highway, across defendants' lands and through plaintiffs' lands; that the road goes by plaintiffs' residence and provides the only access to and from their property. In their answer defendants deny that the road is a public road, that they have obstructed any public road and that the road in question provides the only access to and from plaintiffs' property.

One issue was submitted to and answered by the jury as follows:

"1. Is there a public road leading from the end of the Highway 1361 through the defendants' property to the southern boundary line of the plaintiffs' property as alleged in the complaint?

ANSWER: YES."

From judgment in favor of plaintiffs entered on the verdict, defendants appealed.

*No counsel for plaintiff appellees.*

*Louis H. Smith for defendant appellants.*

BRITT, J.

[1, 2] Defendants assign as error the failure of the trial court to grant their motions to dismiss interposed when plaintiffs first rested and renewed at the conclusion of defendants' evidence. It will be noted that this action was tried subsequent to 1 January 1970, thereby making it subject to the new Rules of Civil Procedure. Treating defendants' motion as one for a directed verdict under Rule 50 (a), we do not think the assignment of error is well taken. After plaintiffs rested their case and defendants offered evidence, plaintiffs offered further evidence but defendants did not renew their motion following plaintiffs' additional evidence. Under the former practice, if the motion to nonsuit was not renewed at the close of *all* the evidence, the sufficiency of the evidence was not presented on appeal. 7 Strong, N.C. Index 2d, Trial, § 20, p. 292. Rule 50 (a) contemplates that a motion for directed verdict shall be made "at the close of the

evidence offered by an opponent," which was not done in this case. Therefore, we do not pass upon the sufficiency of the testimony to survive a proper motion for a directed verdict.

[3] Defendants contend that their motions to dismiss should have been granted for the reason that this is an action to establish a neighborhood public road under G.S. 136-67, *et seq.*, and that the clerk of superior court has original jurisdiction over that type of action or proceeding. The case of *Edwards v. Hunter*, 246 N.C. 46, 97 S.E. 2d 463 (1957), appears to be similar but not identical to the case at bar. We quote from that opinion written by Bobbitt, J. (now C.J.) :

> "If it appeared from the complaint that the sole purpose of this action was to establish a neighborhood *public* road as defined by G.S. 136-67, defendants' motion to dismiss on the ground that the statutory procedure therefor vests original jurisdiction in the clerk would be well taken. However, the segment of old road in controversy is not referred to in the complaint or in plaintiff's affidavits as a neighborhood *public* road, but as a neighborhood road; nor does plaintiff refer to any of the provisions of G.S. Ch. 136, Art. 4."

The segment of the old road in controversy here is not referred to in the complaint as a *neighborhood* public road but as a public road; nor do plaintiffs in this action refer to any of the provisions of G.S. Ch. 136, Art. 4 in their complaint. The assignment of error relating to plaintiffs' motions to dismiss is overruled.

[4] Defendants assign as error the introduction over their objection of a large aerial photograph, also referred to as a tax map from the Caldwell County Tax Office, purportedly portraying the section of Caldwell County in which the road in controversy is located. The assignment of error is well taken for the primary reason that the photograph or map was not properly authenticated for introduction into evidence. Stansbury, N.C. Evidence 2d, § 153, p. 383. We think defendants were sufficiently prejudiced by this error to warrant a new trial.

Defendants assign as error certain portions of the trial judge's charge to the jury. We do not pass upon these assignments as the objections raised may not occur upon a retrial.

New trial.

CAMPBELL and VAUGHN, JJ., concur.