WILLIAM PERRY LONG, Administrator of the Estate of Leonard Carson Long v. GEORGE NELSON COBLE, JR., and JAMES BOYKIN

No. 7113SC242

(Filed 14 July 1971)

1. **Rules of Civil Procedure § 7— form of motions — necessity for statement of rule numbers**

     All motions made on or after 1 July 1970 must state the rule number or numbers under which the movant is proceeding. G.S. 1A-1, Rule 6 of the General Rules of Practice for the Superior and District Courts.

2. **Rules of Civil Procedure § 1— date of application**

     The Rules of Civil Procedure are applicable to proceedings pending on 1 January 1970.

3. **Rules of Civil Procedure § 17; Death § 3— wrongful death action — real party in interest — ratification of action**

     The dismissal of a wrongful death action on the ground that the administrator was not the real party in interest, in that the right of action had passed to the decedent's employer by operation of the Workmen's Compensation law, *held* reversible error where the counsel for the employer and its compensation carrier ratified the commencement of the action within a reasonable time after the motion of dismissal was made. G.S. 1A-1, Rule 17(a) ; G.S. 97-10.2(d), (h).

4. **Rules of Civil Procedure §§ 12, 56— motion for judgment on pleadings — hearing of extraneous matters — summary judgment**

     When matters outside the pleadings are presented and not excluded by the court on a motion for judgment on the pleadings, the motion shall be treated as one for summary judgment. G.S. 1A-1, Rules 12(c) and 56.

5. **Rules of Civil Procedure § 56— summary judgment — notice**

     Motion for summary judgment must be served at least 10 days before the time fixed for the hearing on the motion.

APPEAL by plaintiff from *Hobgood, Judge,* 9 November 1970 Session of Superior Court held in BLADEN County.

As administrator of the estate of Leonard Carson Long, plaintiff sought to recover damages of the defendants for the alleged wrongful death of Leonard Carson Long who died intestate on 14 June 1966. Plaintiff alleged that the death of his intestate was proximately caused by the negligence of the defendants in the operation of a truck on a public highway in Bladen County on 14 June 1966. The action was instituted in

Columbus County on 9 January 1968, and summons and complaint were served on defendants on 13 January 1968. On 12 February 1968 defendants filed a motion (allowed by consent on 23 Ferbuary 1968) requesting that the action be transferred to Bladen County for trial.

On 12 February 1968 defendants filed an answer denying the material allegations of the complaint. As a first further answer and defense, defendants alleged the contributory negligence of the plaintiff's intestate. As a third further answer and defense, defendants alleged that the employer of plaintiff's intestate was jointly and concurrently negligent. As a second further answer and defense, and as a plea in bar, the defendants alleged:

"1. That the plaintiff's intestate was, at the time of the accident complained of, an employee of T. L. Dysard & Son, Inc., and was subject to the Workmen's Compensation Act of the State of North Carolina.

2. That the employer, through its insurance carrier, Great American Insurance Company, filed with the Industrial Commission a written admission of liability for the benefits provided by the Act.

3. That more than twelve months had elapsed after the death of plaintiff's intestate before the institution of this action.

4. That by operation of law, G.S. 97-10.2(c), the rights of the personal representative passed to the employer, or its carrier.

5. That the complaint does not disclose that the action was instituted in the name of such employee's personal representative by the subrogated employer, or its carrier.

6. That this action may not be maintained by the personal representative."

By letter dated 1 May 1968 addressed to the clerk of superior court of Bladen County, D. Jack Hooks, attorney for plaintiff (with copy to defendants' attorney), stated that Mr. C. Woodrow Teague of the firm of Teague, Johnson, Patterson, Dilthey & Clay was associated with him in this case and requested that he be shown as counsel of record.

On 29 January 1970 the plaintiff, asserting that the motion was not made for the purpose of delay, moved to be allowed to amend the complaint by adding the following allegations:

"1A. 'That at the time this accident occurred, Leonard Carson Long, deceased, was employed by T. L. Dysard and Son, Inc.; that as a result of such accident and the resulting death of Leonard Carson Long, deceased, certain workmen's compensation benefits were paid by T. L. Dysard and Son, Inc., and its workmen's compensation insurance carrier, Great American Insurance Company; that this civil action for the wrongful death of Leonard Carson Long, deceased, is being instituted in the name of William Perry Long, administrator of the estate of Leonard Carson Long, deceased, by T. L. Dysard and Son, Inc., Great American Insurance Company and the estate of Leonard Carson Long, as their interests appear as a matter of law.

6(h). That on the occasion complained of, defendant James Boykin operated said motor vehicle with defective and improper brakes at a time when defendant James Boykin knew, or in the exercise of reasonable care, should have known that such brakes were not operating properly, but despite such knowledge defendant Boykin continued to operate such truck up to and including the moment this accident occurred, knowing the brakes were defective and were not working properly so as to enable defendant Boykin to control the movement of defendant's truck.' "

This motion was signed by D. Jack Hooks and C. Woodrow Teague as attorneys for the plaintiff. In the record on appeal (which was agreed to by the defendants) under the "Statement of Case on Appeal," there appears the following:

"Attorneys D. Jack Hooks, attorney for plaintiff, and C. Woodrow Teague, attorney for plaintiff's intestate's employer and its subrogated workmen's compensation insurance carrier, filed Motion to amend the Complaint."

Under date of 25 November 1970, the following judgment was entered by Judge Hobgood:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge Presiding at the November 9, 1970, Civil Session of the Superior Court of Bladen

Long v. Coble

County, upon the motion of plaintiff for leave to amend his complaint, and upon the plea in bar of defendant as set forth in the Second Further Defense contained in the answer.

And the Court having studied the pleadings and heard arguments of counsel for plaintiff and defendant, and D. Jack Hooks, one of the attorneys for the plaintiff, having stated in open Court that when this action was filed on January 8, 1968, he represented only the personal representative of the intestate, and that the cause was not filed in the name of the personal representative by the employee *(sic)* or carrier. And the Court being of the opinion that the motion to amend should be denied and that the plea in bar should be sustained.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the motion of the plaintiff to amend the complaint be, and the same hereby is, denied.

It is further ORDERED, ADJUDGED and DECREED that the plea in bar is sustained and the action dismissed. Costs are taxed against the plaintiff."

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey, and D. Jack Hooks for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellees.*

MALLARD, Chief Judge.

Plaintiff contends that the trial judge erred in allowing defendants' "plea in bar" and dismissing the action.

[1] When this case was heard in November of 1970, it was subject to the provisions of G.S. 1A-1, Rule 6 of the General Rules of Practice for the Superior and District Courts, Supplemental to the Rules of Civil Procedure adopted by the Supreme Court on 14 May 1970 to be effective 1 July 1970, which requires that all motions, written or oral, shall state the rule number or numbers under which the movant is proceeding. In this case neither plaintiff nor defendants complied with the provisions of this rule.

[2]   Chapter 1A of the General Statutes containing the Rules of Civil Procedure became effective and applicable to proceedings pending on 1 January 1970. *Wickes Corp. v. Hodge,* 7 N.C. App. 529, 172 S.E. 2d 890 (1970). The case at bar was pending on 1 January 1970, and the motion to amend and "plea in bar" were acted upon in November 1970. Therefore, the Rules of Civil Procedure, which became effective 1 January 1970, are applicable. *Gragg v. Burns,* 9 N.C. App. 240, 175 S.E. 2d 774 (1970).

[3]   The authority to maintain an action to recover damages for wrongful death in North Carolina is statutory. *Broadfoot v. Everett,* 270 N.C. 429, 154 S.E. 2d 522 (1967). G.S. 28-173 requires that the action be brought by the executor, administrator or collector of the decedent. Under G.S. 97-10.2 (d), there is a proviso making the personal representative of a decedent a party plaintiff or defendant if he should refuse to cooperate with an employer in bringing the action under G.S. 97-10.2 (c) [which has been amended by Session Laws 1971, ch. 171, effective 1 July 1971]. The action for wrongful death must be brought within two years after the date of the death of the decedent. G.S. 1-53. The personal representative of a decedent, as such, has no beneficial interest in a recovery and is therefore not the real party in interest. *Broadfoot v. Everett, supra.* The amount recovered is not a general asset of the estate, but the personal representative shall dispose of it as provided in G.S. 28-173 and the Intestate Succession Act. G.S. 29-13 provides that "(a)ll the estate of a person dying intestate shall descend and be distributed, subject to the payment of costs of administration and *other lawful claims against the estate,* and subject to the payment by the recipient of State inheritance taxes, as provided in this chapter." (Our italics.) Under the provisions of G.S. 97-10.2, the amounts paid thereunder by an employer and the employer's insurance carrier as compensation or other benefits to a decedent under the Workmen's Compensation Act for disability, disfigurement, or death caused under circumstances creating a liability in some person other than the employer to pay damages therefor, constitute a lien on the amount recovered in a wrongful death action; and this is a lawful claim against the estate.

G.S. 97-10.2 was not enacted to enable a third party tort feasor to defeat a lawful claim. It was enacted to protect the

employee, employer, and the employer's workmen's compensation carrier. This interpretation of the purpose of the act is supported by the provisions of G.S. 97-10.2(h).

When the complaint is construed liberally as is required by the provisions of G.S. 1A-1, Rule 8, we think it constitutes a valid claim for relief. See *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

G.S. 1A-1, Rule 17(a), reads as follows:

"(a) *Real party in interest.*—Every claim shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the State so provides, an action for the use or benefit of another shall be brought in the name of the State of North Carolina. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection for ratification of commencement of the action by,* or joinder or substitution of, the real party in interest; and *such ratification,* joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Our italics.)

Both the court and the defendants' counsel were notified by letter on 1 May 1968 that C. Woodrow Teague, who was counsel for plaintiff's intestate's employer and its subrogated workmen's compensation insurance carrier, was appearing as counsel of record. When counsel for the employer and his insurance carrier thus participated in the action as counsel for the plaintiff, we hold that this was a ratification of the commencement of the action within a reasonable time after the "plea in bar" had been interposed by the defendants.

[4, 5] We are unable to ascertain from the record whether in entering the judgment the judge was acting under G.S. 1A-1, Rule 12, on a preliminary motion for judgment on the pleadings or under G.S. 1A-1, Rule 56, upon a motion for summary judgment. In order to arrive at the conclusion reached, it is clearly

Long v. Coble

implied in the judgment that consideration was given to an oral statement of one of the attorneys for the plaintiff which was a matter outside the pleadings. When matters outside the pleadings are presented and not excluded by the court on a motion for judgment on the pleadings, the motion, by the express provisions of G.S. 1A-1, Rule 12(c), shall be treated as one for summary judgment under G.S. 1A-1, Rule 56. The record in this case is devoid of any notice of a motion for summary judgment served on the plaintiff. Under the provisions of G.S. 1A-1, Rule 56, it is required that the motion for summary judgment shall be served at least 10 days before the time fixed for the hearing. See *Ketner v. Rouzer,* 11 N.C. App. 483, 182 S.E. 2d 21 (1971).

We hold that under the factual circumstances of this case and the applicable law, it was error for the trial judge to sustain the "plea in bar" and dismiss the action. See also *Taylor v. Hunt,* 245 N.C. 212, 95 S.E. 2d 589 (1956); *Halladay v. Verschoor,* 381 F. 2d 100 (1967); *E. Brooke Matlack, Inc. v. Walrath,* 24 F.R.D. 263.

We do not deem it necessary to discuss plaintiff's other contentions.

The judgment dismissing the action is reversed.

Reversed.

Judges CAMPBELL and HEDRICK concur.