LESLIE AVERY v. ADA T. BRANTLEY, Administratrix of EDNA EARLE AVERY, ADA T. BRANTLEY, Individually and the NATIONAL SURETY COMPANY, a Corporation.

(Filed 17 March, 1926.)

1. **Negligence—Wrongful Death—Damages—Trusts—Descent and Distribution—Statutes—Executors and Administrators.**

The administratrix recovering damages for the wrongful death of her intestate, C. S., 160, holds the money so received in trust for the benefit of those who may be entitled thereto under the canons of descent.

2. **Descent and Distribution—Statutes—Husband and Wife—Parent and Child—Abandonment—Divorce.**

Where the husband has abondoned his wife and infant child, and the wife has obtained a divorce, and while still an infant a recovery is had for its wrongful death by her mother, who has again married, and has qualified as administratrix of her infant child, under the provisions of C. S., 137, subsec. 6, casting the inheritance upon the father and mother

under stated conditions when both are living, the father is entitled to half the money recovered by the mother for the wrongful death of their infant child, though under a separate statute he has lost the right to its care and custody by a former adjudication of the court in the wife's action for divorce.

**3. Statutes—In Pari Materia—Parent and Child—Inheritance—Abandonment.**

C. S., 137, as to the inheritance of the father and mother, etc., dying without leaving husband, wife or child, and C. S., 189, depriving the parent of the care, custody and services of the child in case of abandonment, are not *in pari materia*.

APPEAL by plaintiff from *Bond, J.,* and a jury, at November Term, 1925, of CRAVEN. Reversed.

This was a civil action in which the plaintiff by a petition before the clerk sought to obtain one-half of the money recovered by the defendant administratrix in a civil action theretofore tried in the Superior Court of Craven County. The plaintiff's petition was denied. An issue of fact was raised and the cause was transferred to the civil issue docket and tried at the November Term of the Superior Court. From the pleadings the following facts were admitted:

"First. That on 13 August, 1923, Edna Earle Avery, of the age of four years, came to her death through wrongful and negligent acts of the Benevolent Protective Order of Elks Lodge No. 764, New Bern, N. C., etc.

"Second. That Ada T. Avery, now Ada T. Brantley, qualified as administratrix of the estate of the said Edna Earle Avery on 27 August, 1923, and brought suit for negligence against said Elks Lodge, as more fully appears by the judgment roll in said action in the office of the clerk, and the said administratrix gave the National Surety Company, a corporation, as her surety.

"Third. That at the May Term, 1925, of the Superior Court of Craven County, the said administratrix recovered judgment against the said Elks Lodge for $2,000 on account of the wrongful and negligent death of the said Edna Earle Avery, as above recited and the sum of $2,000 was duly paid to the said administratrix after she gave bond, and is now in her custody.

"Fourth. That at the time of her death the said Edna Earle Avery was four years of age and unmarried, and died without leaving any husband or child or issue of a child, but leaving a father, Leslie Avery, the petitioner, and a mother, Ada T. Avery, now Ada T. Brantley."

Plaintiff then moved for judgment. Motion was denied and the court submitted the following issue to the jury: 'Did the plaintiff Leslie Avery, he being the father, wilfully abandon the care, custody, nurture

and maintenance of Edna Earle Avery to its mother, and thereby forfeit all rights to the care, custody and services of said Edna Earle Avery.' The jury answered the issue 'Yes,' and the judge signed the judgment set out in the record which adjudges that the plaintiff is not entitled to recover any part of the funds in controversy."

The plaintiff made numerous exceptions, assigned error and appealed to the Supreme Court.

The material assignments of error are:

"1. The court erred in refusing to grant the plaintiff's motion for judgment on the admitted facts.

"2. The court erred in refusing to sign the judgment tendered by plaintiff on admitted facts.

"3. The court erred in submitting the issue as above set forth."

*D. L. Ward and W. B. Rouse for plaintiff.*
*Guion & Guion and H. P. Whitehurst, for defendant.*

CLARKSON, J.  The plaintiff, Leslie Avery and his wife, Ada T. Avery, (now Ada T. Brantley) had one child, Edna Earle Avery, who, when about four years old, on 13 August, 1923, was wrongfully and negligently killed by the Benevolent Protective Order of Elks Lodge No. 764, New Bern, N. C.  Her mother, Ada T. Avery (now Brantley) qualified as administratrix and brought suit against the Elks Lodge and recovered $2,000.  The plaintiff claims, as the father of the child, one-half of the recovery.  The only question for our determination—is he entitled to it?  We are of the opinion that he is, and the exceptions and assignments of error by plaintiff are well taken.

C. S., 160 is as follows: "When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony.  The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy. In all actions brought under this section the dying declarations of the deceased as to the cause of his death shall be admissible in evidence in like manner and under the same rules as dying declarations of the deceased in criminal actions for homicide are now received in evidence."

The distribution of personal property in case of intestacy referred to, is as follows: "C. S., 137, subsec. 6: If, in the lifetime of its father and mother, a child dies intestate, without leaving husband, wife or child, or the issue of a child, its estate shall be equally divided between the father and mother. If one of the parents is dead at the time of the death of the child, the surviving parent shall be entitled to the whole of the estate. The terms 'father' and 'mother' shall not apply to a step-parent, but shall apply to a parent by adoption."

In *Broadnax v. Broadnax,* 160 N. C., p. 435, it is said: "In the *Baker case (Baker v. R. R.,* 91 N. C., 310), the Court says: 'The administrator thus occupies the place of trustee, for a special purpose, of such fund as he may obtain by the suit, holding it when recovered solely for the use of those who are entitled under the statute of distributions, free from the claims of creditors and legatees, and subject only to such charges and expenses, inclusive of counsel fees and his own commissions, as may have been reasonably incurred in prosecuting and securing the claim. Diminished by these deductions, the remaining duty is to pay over to the distributees'; and in the *Hartness case (Hartness v. Pharr,* 133 N. C., 566): 'It must be borne in mind that, whatever the varying forms of the statutes may be, the cause of action given by them, and also by the original English statute, was in no sense one which belonged to the deceased person, or in which he ever had any interest, and the beneficiaries under the law do not claim by, through, or under him; and this is so although the personal representative may be designated as the person to bring the action. The latter does not derive any right, title, or authority from his intestate, but sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative he may perhaps be liable on his bond for its proper administration. *Vance. v. R. R.,* 138 N. C., 463; *Dowell v. Raleigh,* 173 N. C., 197.

Under the statute of distribution plaintiff is clearly entitled, under the admitted facts, to one-half of the recovery had by the administratrix. This right is given in certain language "estate shall be equally divided between the *father* and *mother.*"

It is contended by defendant, mother of the child, and administratrix, that plaintiff abandoned the child and forfeited all rights to the fund, and relies on C. S., 189, which is as follows: "In all cases where the parent or parents of any child has wilfully abandoned the care, custody, nurture and maintenance of the child to kindred, relatives or other persons, such parent or parents shall be deemed to have forfeited all rights and privileges with respect to the care, custody and services of such child."

We must trace this section. In the Revisal of 1905, chap. 2. "Adoption of minor children," sec. 180, is as follows: "Right to custody forfeited by abandonment. In all cases where the surviving parent of any orphan child shall have wilfully abandoned the care, custody, nurture and maintenance of any orphan child to kindred, relatives or other persons, such parent shall be deemed to have forfeited all rights and privileges with respect to the care, custody and services of such child."

This was taken from Public Laws, 1885, chap. 120, sec. 1, entitled "An act in the interest of certain orphan children of the State." This was amended by Public Laws, 1909, chap. 917, and with the amendment we have C. S., 189, *supra.* This entire legislation is in reference to the adoption of minor children and has nothing to do with the death by wrongful act. C. S., 160. It cannot be construed *in pari materia,* as it relates to an entirely different subject.

If there was an abandonment under sec. 189, and so found by the jury, the effect of the statute was only to forfeit all rights to the *care, custody and services of the child.* This in no way had any bearing on a recovery for the wrongful death of the child, C. S., 160, and the distribution of the fund under C. S., 137, subsection 6. We cannot stretch the language of the statute, C. S., 189, to meet the facts in the present case. To do so we would make and not construe the law.

From the record, the lives of the litigants present a pathetic tragedy. It seems from the record that it took "two to make a quarrel." The record discloses that the contest is between the father and mother over money recovered for the wrongful killing of their child. The mother of the child has obtained a divorce from the plaintiff, her former husband, and has married again. For plaintiff's misconduct he was convicted of an assault on his wife and compelled to leave the State. He was afterwards pardoned and on the argument it was said that he has mended his ways.

The defendant, Mrs. Ada T. Brantley, says: "I am now married again and living in Winston-Salem. My husband is in the real estate business. I do not work. I have a comfortable home and get along very well with my husband. I was 18 years old when I married Avery, and he was nearly twenty."

While the mother was away, in Wilmington, the child fell through the elevator shaft and was killed. Suit was brought and a settlement was made for the wrongful death. Under the law as written, the father and mother are entitled each to one-half of the recovery.

For the reasons given, the judgment of the court below is
Reversed.