IN RE: ESTATE OF JOAN SUZANNE BELOW

No. 7129SC613

(Filed 17 November 1971)

Costs § 4; Executors and Administrators § 30— costs of administration — wrongful death proceeds

Proceeds recovered for the wrongful death of a decedent are not subject to the assessment of costs in "the administration of estates of decedents" provided for under G.S. 7A-307(a)(2), since the proceeds recovered under the wrongful death statute are not a part of the decedent's estate.

---

In re Below

---

APPEAL by the Clerk of the Superior Court of HENDERSON County from *Martin (Harry C.), Judge,* 9 July 1971 Session of Superior Court held in HENDERSON County.

Joan Suzanne Below was killed 19 July 1967 when the aircraft in which she was a passenger collided with another aircraft in the air space over Henderson County. Jefferson H. Bruton qualified as administrator of Miss Below's estate and received the sum of $50,000 in settlement of a claim for her wrongful death.

In June of 1971 the administrator tendered to the Clerk of Superior Court of Henderson County a final account. The clerk rejected the account on several grounds, including the ground that in preparing and tendering the final account the administrator refused to pay to the clerk the sum of $50, "representing 10¢ per $100.00 of the $50,000.00 recovered, as provided by Section 2 of General Statute 7A-307."

The administrator appealed the clerk's order to the Superior Court. In an order, dated 9 July 1971, Judge Martin reversed that portion of the clerk's order requiring the payment of $50 pursuant to the provisions of G.S. 7A-307(a)(2), concluding that the $50,000 recovered by the administrator in settlement of the wrongful death claim is not an asset within the meaning of that statute. The order of the clerk was sustained in all other respects. The clerk appealed from that portion of Judge Martin's order adverse to him.

*Attorney General Morgan by Assistant Attorney General Rich for the appellant.*

*Warren C. Stack for respondent appellee Jefferson H. Bruton, Administrator.*

GRAHAM, Judge.

G.S. 7A-307(a)(2) provides in pertinent part:

"(a) In the administration of the estates of decedents . . . , the following costs shall be assessed:

(2) For support of the General Court of Justice the sum of eight dollars ($8.00), plus an additional ten cents (10¢) per one hundred dollars ($100.00), or major fraction thereof, of the gross estate. Gross estate shall include the

fair market value of all personalty when received, and all proceeds from the sale of realty coming into the hands of the fiduciary, but shall not include the value of realty. This fee shall be computed from the information reported in the inventory and shall be paid when the inventory is filed with the clerk. If additional gross estate, including income, comes into the hands of the fiduciary after the filing of the inventory, the fee for such additional value shall be assessed and paid upon the filing of any account or report disclosing such additional value. . . . "

The question before us is whether proceeds recovered for the wrongful death of a decedent are subject to the assessment of costs provided for under G.S. 7A-307(a)(2). We agree with Judge Martin that they are not. The statute provides for the assessment of costs in "the administration of the estates of decedents."; Proceeds recovered under the wrongful death statute are not a part of a decedent's estate, and in dealing with these funds neither the clerk nor the estate's personal representative is "administering the estate of a decedent."

The wrongful death statute (G.S. 28-173) specifically provides that the amount recovered for death by wrongful act is not liable to be applied as an asset of the estate in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding $500.

Appellant contends that while the recovery is not an asset of the estate for the purpose of paying debts or legacies, it is an asset of the estate for other purposes, including that of assessing costs under G.S. 7A-307(a)(2). We do not agree. A cause of action for wrongful death, being conferred by statute at death, could never have belonged to the deceased. A recovery resulting from such cause of action is therefore not an asset of the deceased's estate, although by virtue of the specific provisions of G.S. 28-173 it is treated as an asset with respect to burial expenses and certain hospital and medical costs.

These principles are spelled out in a long line of court decisions.

In the case of *Hartness v. Pharr*, 133 N.C. 566, 45 S.E. 901, the question before the court was whether an ancillary administrator in North Carolina was required to pay a sum

recovered for the wrongful death of his intestate to the South Carolina administrator of the decedent's estate. The Supreme Court held that the fund, not being an asset of the estate, was not to be paid to the South Carolina administrator, but was to be distributed directly to the beneficiary entitled to receive it under the provisions of this State's wrongful death act. The court stated: "The administration of the defendant Pharr is not ancillary to that of the administration in South Carolina, so far as the fund now in his hands which was recovered from the railroad companies is concerned. In no possible view, as we have said, can this fund be regarded as a part of the assets of the estate of the deceased. The cause of action never accrued to him and never came into existence until his death, and the recovery thereon cannot be considered or treated as any part of his estate."

In *Broadnax v. Broadnax,* 160 N.C. 432, 76 S.E. 216, the decedent's widow was denied a year's support from the amount recovered in an action for wrongful death. The court held: "The allowance can only be set apart from the personal estate of the deceased, and the right of action for wrongful death, being conferred by statute at death, never belonged to the deceased, and the recovery is not assets in the usual acceptation of the term. *Baker v. R. R.,* 91 N.C., 310; *Hartness v. Pharr,* 133 N.C., 566; *Vance v. R. R.,* 138 N.C., 463." In accord: *In re Ives' Estate,* 248 N.C. 176, 102 S.E. 2d 807; *Lamm v. Lorbacher,* 235 N.C. 728, 71 S.E. 2d 49; *Long v. Coble,* 11 N.C. App. 624, 182 S.E. 2d 234.

In receiving funds paid in settlement of a wrongful death claim a personal representative of a decedent's estate is not acting for the estate but as the trustee for the beneficiaries under the law. As stated in *Hood v. Telegraph Co.,* 162 N.C. 92, 95, 77 S.E. 1094, 1095, a personal representative "does not derive any right, title, or authority from his intestate, but he sustains more the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator. . . . " See also *Stetson v. Easterling,* 274 N.C. 152, 161 S.E. 2d 531; *Crawford v. Hudson,* 3 N.C. App. 555, 165 S.E. 2d 557.

It is certainly within the power of the General Assembly to subject recoveries in wrongful death actions to costs such as

those imposed by G.S. 7A-307(a) (2) on the assets of a decedent's estate. However, we fail to find in the language of that statute, or that of G.S. 28-173, any indication that it has done so.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.