CHARLES WILLIFORD v. HELEN MARIE WILLIFORD, ADMINIS-
TRATRIX OF THE ESTATE OF ANTHONY CRAIG WILLIFORD, DE-
CEASED

No. 66

(Filed 5 November 1975)

Death § 9— abandonment of child — right to proceeds for wrongful death
of child

When the Legislature, in G.S. 28-173, provided that the proceeds
of an action for wrongful death "shall be disposed of as provided in
the Intestate Succession Act," it meant the Intestate Succession Act
as modified by G.S. Ch. 31A entitled "Acts Barring Property Rights";
therefore, a father who abandoned his child when the child was a
minor is precluded by G.S. 31A-2 from sharing in the proceeds of
the settlement of a claim for wrongful death of the child.

ON *certiorari* to the Court of Appeals to review its decision,
reported in 26 N.C. App. 61, 214 S.E. 2d 787, in which the
Court of Appeals found no error in the judgment entered by
*Lyon, D.J.*, in the District Court of HARNETT County, in favor of
the defendant.

Anthony Craig Williford died unmarried and without sur-
viving issue. The plaintiff is his father; the defendant, the ad-
ministratrix of his estate, is his mother. The administratrix
settled her claim against a third person, not a party to the
present proceeding, for damages for the wrongful death of
Anthony Craig Williford and, as a result, she now holds approxi-
mately $6,000, the proceeds of such settlement. The plaintiff
instituted this action against the administratrix alleging that,
he, being the father of the deceased, is entitled to one-half of
the said proceeds. The defendant filed answer, alleging as a
defense that the plaintiff abandoned his then minor son, An-
thony Craig Williford, and, by reason of such abandonment, is
not entitled to share in the proceeds of the settlement of the
said claim for the wrongful death of Anthony Craig Williford.
The plaintiff filed a reply denying that he abandoned Anthony
Craig Williford and renewed his prayer for relief as set forth
in the complaint.

The plaintiff moved for judgment on the pleadings pursu-
ant to Rule 12 (c) of the Rules of Civil Procedure. This motion
was denied. The matter was then tried before a jury and the
following issues were submitted to the jury and answered as
indicated:

Williford v. Williford

"1. Did the plaintiff abandon his minor son, Anthony Craig Williford, as alleged in the Answer?

ANSWER: Yes.

"2. If so, did the plaintiff resume his care for his said son for at least one year before his death and continuing until his death, as alleged in the Complaint?

ANSWER: No."

The plaintiff moved for judgment notwithstanding the verdict. This motion was denied and judgment was entered upon the verdict that the plaintiff take nothing by this action and that the costs of the action be taxed against him.

The plaintiff appealed to the Court of Appeals, assigning as error the denial of his motion for judgment on the pleadings and the denial of his motion for judgment notwithstanding the verdict. The Court of Appeals found no error.

It is stipulated that the testimony of witnesses was in all respects sufficient to support the verdict of the jury on the issues submitted to it. It was further stipulated that the charge of the court to the jury is not relevant to this appeal.

In their briefs filed in the Supreme Court, both parties agree that "upon this appeal, the sole question is whether or not a parent who abandons a child is precluded from sharing in funds received from the wrongful death of said child by G.S. 31(a)-2, [the plaintiff's two assignments of error raising] the question as to whether or not Plaintiff-Appellant is entitled to share in the proceeds of wrongful death recovery as a matter of law."

*McLeod & McLeod by Max E. McLeod and J. Michael McLeod for plaintiff-appellant.*

*Bowen & Lytch by R. Allen Lytch for defendant-appellee.*

LAKE, Justice.

G.S. 31A-2 provides:

"*Acts barring rights of parents.*—Any parent who has wilfully abandoned the care and maintenance of his or her child shall lose all right to intestate succession in any part

of the child's estate and all right to administer the estate of the child, except—

(1) Where the abandoning parent resumed its care and maintenance at least one year prior to the death of the child and continued the same until its death; or

(2) Where a parent has been deprived of the custody of his or her child under an order of a court of competent jurisdiction and the parent has substantially complied with all orders of the court requiring contribution to the support of the child."

It being established by the jury's verdict, which the plaintiff concedes to be supported by the evidence, that the plaintiff abandoned his then minor child, the deceased, and neither of the foregoing exceptions being applicable, it is obvious that the plaintiff is not entitled to a distributive share of the child's estate.

It is well established that the proceeds of an action brought for wrongful death are not assets of the estate of the deceased and are not "any part of" his estate. Such proceeds are distributable pursuant to G.S. 28-173, the act authorizing the institution of an action to recover damages for wrongful death.

That statute provides:

"The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding five hundred dollars ($500.00) incident to the injury resulting in death * * * *but shall be disposed of as provided in the Intestate Succession Act.*" (Emphasis added.)

The Intestate Succession Act is Chapter 29 of the General Statutes. G.S. 29-15(3) provides that if there is, as here, no surviving spouse, and if the intestate, as here, is not survived by a child, children or any lineal descendant of a deceased child or children, but is survived by both parents, "they shall take in equal shares."

However, G.S. 31A-2, above quoted, which was enacted in 1961, two years after the enactment of the Intestate Succession Act, must be deemed a part of the Intestate Succession Act and

a modification of G.S. 29-15(3), as fully as if it had been written thereinto or specifically designated as an amendment thereto. We think it clear that in the enactment of G.S. 28-173, above quoted, the Legislature intended that the proceeds of a recovery, or settlement, in an action for wrongful death shall be distributed to the same persons, and in the same proportionate shares, as the personal property of the decedent, remaining after the payment of all debts and other claims and expenses of administration, would be distributed if the decedent died intestate.

The case of *Avery v. Brantley,* 191 N.C. 396, 131 S.E. 721, relied upon by the plaintiff, is factually on all fours with the present case. There this Court held that the father's abandonment of the minor child did not bar him from the right he would have otherwise had to share in the proceeds of a recovery for the wrongful death of the child. However, at that time there was no provision in the law comparable to G.S. 31A-2. This Court correctly held that the statute then in effect, providing that an abandoning parent forfeited "all rights and privileges with the respect to the care, custody and services of such child," did not apply to the right of such parent to share in the proceeds of recovery for the child's wrongful death. G.S. 31A-2 having been enacted in the meantime, *Avery v. Brantley, supra,* may no longer be deemed authoritative.

In *Smith v. Exterminators,* 279 N.C. 583, 184 S.E. 2d 296, we held that a father who had abandoned his minor child may not share in the death benefits payable under the Workmen's Compensation Act for the death of such child. That case turned upon the construction of G.S. 97-40 (part of the Workmen's Compensation Act), which provided that where the deceased employee left no dependents, whole or partial, the compensation would be payable to his next of kin "as herein defined" and provided that the order of priority among such next of kin "shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate." We deemed G.S. 31A-2, above quoted, to be part of such "general law" applicable to the distribution of the personal estate of one dying intestate. Thus, the father, who had abandoned the deceased during the minority of the latter, was held not entitled to share in the death benefits payable under the Workmen's Compensation Act.

While *Smith v. Exterminators, supra,* is not squarely in point upon the question now before us, it is our opinion, and

we so hold, that when the Legislature, in G.S. 28-173, provided that the proceeds of an action for wrongful death "shall be disposed of as provided in the Intestate Succession Act," and when it provided in G.S. 97-40 that the order of priority among claimants to death benefits payable under the Workmen's Compensation Act "shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate," it had in mind the same law; i.e., the Intestate Succession Act as modified by G.S. Ch. 31A, entitled, "Acts Barring Property Rights." It follows that the plaintiff father, having abandoned the deceased when the latter was a minor child, may not now share in the proceeds of the settlement of the claim for wrongful death now in the hands of the administratrix.

No error.