IN RE: DENISE RENEE LESSARD

No. 8526SC492

(Filed 3 December 1985)

**Executors and Administrators § 37— administrator's fee—awarded from wrongful death benefits—no error**

> The trial judge did not err by awarding fees and expenses to a successor administrator from wrongful death proceeds where there were no other funds in the estate from which he could be paid, the administrator neither initiated nor handled in any way the wrongful death claim, and the record disclosed that the administrator expended considerable time in determining the correct distribution of the wrongful death proceeds. Those services are all compensable and may fairly be paid from wrongful death proceeds. N.C.G.S. 28A-23-4, N.C.G.S. 28A-18-2.

APPEAL by respondent Elizabeth C. Lessard from *Burroughs, Judge.* Order entered 6 December 1984 in Superior Court, MECK-LENBURG County. Heard in the Court of Appeals 1 November 1985.

This is a proceeding wherein the successor-administrator of the estate of Denise Renee Lessard seeks to have the clerk of superior court order that he be paid a fee for his services, and further that the fee be paid from the wrongful death proceeds which comprised the entire estate. In apt time, the mother of the deceased objected to any payment to the successor-administrator. On 15 October 1984 the clerk of superior court entered an order directing that the successor-administrator be paid $4,275.00 for his services and $40.50 for expenses, the total to be paid from the wrongful death proceeds which had been received. Respondent mother appealed to superior court.

After a hearing the judge made findings of fact which, except where quoted, are summarized as follows: Denise Renee Lessard died intestate in February 1982 and her mother was appointed administrator of her estate. Because of complex litigation pending between the mother and the father of the deceased, respondent mother was removed as administrator of the estate, and petitioner Leslie Miller was appointed successor-administrator. The court further found:

6. That Leslie H. Miller, Successor-Administrator, has expended sixty-one (61) hours of his and his office's time in handling this particular estate.

7. That Leslie H. Miller's normal hourly rate is Seventy-Five and 00/100 Dollars ($75.00) an hour.

8. That Leslie H. Miller, as Successor-Administrator, was not acting gratuitously, and is entitled to reasonable compensation for his services.

9. That a reasonable fee for the services rendered by Leslie H. Miller, Successor-Administrator, is Four Thousand Two Hundred, Seventy-Five and 00/100 Dollars ($4,275.00), which fee LOUIS RAYMOND LESSARD and ELIZABETH C. LESSARD should each be one-half (1/2) responsible for.

Leslie H. Miller, as Successor-Administrator, has incurred expenses in the amount of Forty Dollars and Fifty Cents ($40.50), and those expenses are reasonable, and further, ELIZABETH C. LESSARD and LOUIS RAYMOND LESSARD are responsible each for one-half (1/2) of those expenses.

Based on the foregoing findings of fact the judge awarded the successor-administrator $4,315.50 in fees and expenses. Respondent appealed.

*Leslie H. Miller, petitioner-appellee, pro se.*

*Erwin, Beddow and Reese, P.A., by Fenton T. Erwin, Jr., for respondent, appellant.*

HEDRICK, Chief Judge.

The sole issue presented by this appeal is whether the administrator of an estate may be paid for his services from wrongful death proceeds when there are no other funds in the estate from which he may be paid. The resolution of this issue depends upon a careful reading of the applicable statutory authority.

G.S. 28A-18-2 provides that the amount recovered in a wrongful death action "is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses. . . ." The question of whether an attorney's services in pursuit of the

wrongful death claim are compensable from any recovery was apparently ambiguous, for our legislature amended the section by adding the following two sentences, effective 5 July 1985:

> The personal representative or collector of the decedent who pursues an action under this section may pay from the assets of the estate the reasonable and necessary expenses, not including attorney's fees, incurred in pursuing this action. At the termination of the action, any amount recovered shall be applied first to the reimbursement of the estate for the expenses incurred in pursuing the action, then to the payment of attorneys' fees, and shall then be distributed as provided in this section.

The amendment thus provides that an attorney who litigates a wrongful death claim may be paid for his services from the wrongful death proceeds.

In the present case, Mr. Miller neither initiated nor handled in any way the wrongful death claim. He was appointed successor-administrator only after the wrongful death award had been made. Nevertheless, the record discloses that Mr. Miller expended considerable time in determining the correct distribution of the wrongful death proceeds. His time sheet shows numerous phone calls and conferences with both the mother's counsel and the father's counsel, as well as considerable time spent on research, court appearances, drafting, and study of the case during an eight-month period. These services are all compensable and may fairly be paid from the wrongful death proceeds.

Additional authority for the payment of Mr. Miller's fee is found in G.S. 28A-23-4 which provides in pertinent part:

> The clerk of superior court, in his discretion, is authorized and empowered to allow counsel fees to an attorney serving as a . . . public administrator . . . where such attorney in behalf of the estate he represents renders professional services, as an attorney, which are beyond the ordinary routine of administration. . . .

Mr. Miller's professional services in this complex case were thus clearly compensable, and the trial court correctly awarded the payment of his fees and expenses.

We note finally that the case of *In re Below*, 12 N.C. App. 657, 184 S.E. 2d 378 (1971), is inapplicable to the instant appeal, as that case dealt only with the issue of whether "costs" of an estate are payable from wrongful death proceeds. Even under the recent amendment to G.S. 28A-18-3 such an assessment would not be payable from wrongful death proceeds.

For the foregoing reasons, the order appealed from is affirmed.

Affirmed.

Judges WHICHARD and JOHNSON concur.