IN THE MATTER OF THE ESTATE OF ROBERT DIEGO PROCTOR, DECEASED

No. 8510SC708

(Filed 4 March 1986)

**Executors and Administrators § 37— litigation expenses of wrongful death action —not allowable as cost of estate**

   The superior court properly denied a petition by a personal representative for authorization of payment of litigation expenses incurred in connection with a wrongful death action concerning the deceased where the petition was filed prior to the 5 July 1985 amendment to N.C.G.S. 28A-18-2(a) which authorizes the payment of such expenses, excluding attorney fees, from the assets of deceased's estate.

APPEAL by petitioner from *Bailey, Judge.* Order entered 17 April 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 3 December 1985.

   *Crisp, Davis, Schwentker, Page & Currin by Robert B. Schwentker; and Farris & Farris by Thomas J. Farris for petitioner appellant.*

   *Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog by Ronald C. Dilthey and David H. Batten for respondent appellee.*

COZORT, Judge.

   Petitioner appeals the superior court's denial of her petition for the authorization of payment of litigation expenses out of the deceased's estate for expenses incurred in connection with a wrongful death action concerning the deceased. We affirm.

   Petitioner appellant, Janet M. Proctor, is the mother of the deceased, Robert Diego Proctor, and is the executrix of his estate. He died by electrocution in a boating accident on 5 June 1982. The beneficiaries of the estate are the two minor children of the deceased who inherit under a testamentary trust wherein peti-

tioner appellant is named as the trustee. As the personal representative of the estate, petitioner appellant has retained legal counsel and has pursued wrongful death actions against certain defendants in state and federal court.

Respondent appellee, Rebecca K. Proctor, is the mother and natural guardian of Derek Ross Proctor and Erwin Noel Proctor, the minor children of the deceased.

Petitioner filed a petition for the authorization of payment of litigation expenses incurred in connection with a wrongful death action concerning the deceased. The petition was filed on 30 November 1984, in the nature of a special proceeding before the Clerk of Superior Court of Wake County. After due notice and service, a hearing was held on 6 December 1984 before the Honorable J. Russell Nipper, then Clerk of Superior Court of Wake County. The clerk heard the matter upon stipulated facts and heard testimony of John McNeill Smith, one of the attorneys who represents the petitioner in the wrongful death action. By order filed 1 February 1985, the clerk denied the petition. In the order denying the petition the clerk found and concluded that, while the litigation expenses now due are reasonable, such expenses are not debts or obligations of the deceased's estate. Thus, the clerk concluded that "the petition of Janet Mead Proctor, Executrix of the estate of Robert Diego Proctor for approval of payment of expenses for litigation should be denied."

Petitioner appealed the clerk's ruling to the superior court. The matter was heard before Judge Bailey who, by order filed 17 April 1985, affirmed the clerk's order. Appellant and appellee agree that this appeal presents one issue for our consideration: Whether the personal representative [executrix] of an estate may pay the reasonable and necessary costs of litigation from the estate in pursuing a wrongful death claim? The answer to this question, as we shall show, has been addressed by our Legislature.

An action for wrongful death may be brought only by the personal representative or collector of the decedent. G.S. 28A-18-2(a); see Burcl v. North Carolina Baptist Hospital, 306 N.C. 214, 293 S.E. 2d 85 (1982). In pursuing a wrongful death action, however, the personal representative of a decedent's estate is not acting for the estate but as trustee for those entitled to recover

under the law. *See In re Estate of Below*, 12 N.C. App. 657, 660, 184 S.E. 2d 378, 381 (1971). A recovery resulting from a wrongful death action is not an asset of the deceased's estate. *Id.*, 12 N.C. App. at 659, 184 S.E. 2d at 380. This is so because "[a] cause of action for wrongful death, being conferred by statute, at death, could never have belonged to the deceased." *Id.* The proceeds of any recovery from a wrongful death action are to "be distributed to the same persons, and in the same proportionate shares, as the personal property of the decedent, remaining after the payment of all debts and other claims and expenses of administration, would be distributed if the decedent died intestate." *Williford v. Williford*, 288 N.C. 506, 509, 219 S.E. 2d 220, 222-23 (1975); G.S. 28A-18-2(a). Therefore, if the deceased dies testate, those persons entitled to share in his estate may not be the same as those entitled under the Intestate Succession Act to share in the proceeds of a wrongful death action recovery.

In any event, on 5 July 1985, after the petitioner's request for payment of litigation expenses had been denied in the court below, the Legislature amended G.S. 28A-18-2(a) by adding, after the first sentence, the following:

> The personal representative or collector of the decedent who pursues an action under this section may pay from the assets of the estate the reasonable and necessary expenses, not including attorneys' fees, incurred in pursuing the action. At the termination of the action, any amount recovered shall be applied first to the reimbursement of the estate for the expenses incurred in pursuing the action, then to the payment of attorneys' fees, and shall then be distributed as provided in this section.

1985 N.C. Sess. Laws Ch. 625, Sec. 1. The amendment was effective on 5 July 1985. *Id.* at Sec. 2.

With the amendment of G.S. 28A-18-2(a) the Legislature has chosen to allow reasonable and necessary expenses, excluding attorneys' fees, incurred in pursuing a wrongful death action to be paid from the assets of the deceased's estate. If there is any recovery from the wrongful death action, the recovery must first be applied to reimburse the estate for the expenses paid from its assets in pursuing the action.

Prior to the 5 July 1985 amendment to G.S. 28A-18-2(a) there was no statutory authority for paying out of a decedent's estate the reasonable and necessary expenses incurred in pursuing a wrongful death action. Thus, on 1 February 1985 the clerk properly denied appellant's petition for the authorization of the payment of litigation expenses out of decedent's estate, and the superior court was correct in affirming the clerk's order. Since, at the time the petition was denied, there was no statutory authority for paying the wrongful death litigation expenses out of decedent's estate, we affirm the denial of the petition.

Appellant urges this Court to find the 5 July 1985 amendment to G.S. 28A-18-2(a) retroactive and applicable to the instant case. This we decline to do. A statute is to be given prospective effect only and is not to be construed to have retroactive effect unless such intent is clearly expressed or arises by necessary implication from its terms. *Housing Authority of Durham v. Thorpe*, 271 N.C. 468, 157 S.E. 2d 147 (1967), *rev'd on other grounds*, 393 U.S. 268, 21 L.Ed. 2d 474, 89 S.Ct. 518 (1969). If the Legislature had wanted to make the 5 July 1985 amendment to G.S. 28A-18-2(a) retroactive, it could have stated so in the amendment. In declining to make the amendment retroactive, we note, however, that there is now nothing to prevent appellant from filing a *new* petition seeking to have those same expenses paid from the deceased's estate.

Affirmed.

Judges WEBB and BECTON concur.