LOCKLEAR v. NIXON

[129 N.C. App. 105 (1998)]

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.

━━━━━━━

LESLIE WOODY LOCKLEAR, COLLECTOR OF THE ESTATE OF RONALD LOCKLEAR, PLAINTIFF v. MARGIE HUNT NIXON, DEFENDANT

No. COA97-329

(Filed 17 March 1998)

### Venue § 13 (NCI4th)— wrongful death action—county of collector's residence

A wrongful death action is not a "proceeding relating to the administration of the estate of a decedent" that must be brought in the county of decedent's domicile pursuant to N.C.G.S. § 28A-3-1; therefore, the collector of decedent's estate could properly bring the wrongful death action in the county in which she resided, and the trial court erred by transferring the action to the county of decedent's domicile. N.C.G.S. § 1-82.

Appeal by plaintiff from order entered 15 January 1997 by Judge Thomas W. Ross in Guilford County Superior Court. Heard in the Court of Appeals 6 January 1998.

*Baker & Boyan, P.L.L.C., by Walter W. Baker, Jr., and Jeffrey L. Mabe, attorneys for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, by Kenneth B. Rotenstreich, and Ian J. Drake, attorneys for defendant-appellee.*

WYNN, Judge.

Under the venue provision of Chapter 28A, "all proceedings relating to the administration of the estate of a decedent" must be brought in the county where the decedent was domiciled at death. N.C. Gen. Stat. § 28A-3-1 (1996). In this case, Ronald Locklear died after being thrown from a vehicle driven by Margie Hunt Nixon. The collector of his estate, Leslie Locklear (his wife) brought a wrongful death action against Ms. Nixon in Guilford County—the county in which the collector resided. However, under N.C. Gen. Stat. § 28A-3-1, the trial

court transferred the action to Buncombe County—the domicile of the decedent and where his estate was being administered.

Relying on N.C. Gen. Stat. § 28A-18-2 and our decision in *In re Estate of Below*, 12 N.C. App. 657, 184 S.E.2d 378 (1971), we conclude that a wrongful death action is not a "proceeding relating to the administration of the estate of decedent" as contemplated by N.C.G.S. § 28A-3-1 and thus, the trial court erred in transferring this case from Guilford to Buncombe County.

---

N.C.G.S. § 28A-3-1 provides, in pertinent part, that "venue for the probate of a will and for all proceedings relating to the administration of the estate of a decedent shall be . . . [i]n the county in this State where the decedent had his domicile at the time of his death." The plaintiff-collector argues that the decedent's domicile, Buncombe County, is not the proper venue for this wrongful death action because it is not a "[proceeding] relating to the administration" of her husband's estate. Instead, she maintains that venue for this action is determined by N.C.G.S. § 1-82, which allows her to bring this action in Guilford County—the county of her residence.

N.C. Gen. Stat. § 28A-18-2 provides the relevant statutory guidance for our review of plaintiff's argument. That statute, which is entitled "Death by wrongful act of another; recovery not assets," provides in pertinent part that

[t]he amount recovered in [a wrongful death] action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding one thousand five hundred dollars ($1,500) incident to the injury resulting in death[.].

N.C.G.S. § 28A-2 (1984) (emphasis added).

Also significant to our review is our holding in *In re Estate of Below, supra*. In that case, we considered whether money received by an administrator of a decedent's estate in settlement of a wrongful death claim was an asset of the decedent's estate thereby requiring the administrator, under N.C.G.S. § 7A-307(a)(2), to pay costs to the clerk of court. The appellant in *In re Below* argued that "while the recovery [she sought][was] not an asset of the estate for the purposes of paying debts or legacies, it [was] an asset of the estate for other purposes, including that of assessing costs under G.S.

§ 7A-307(a)(2)." *Id.* Finding no merit in this argument, we held that "[a] cause of action for wrongful death, being conferred by statute at death, could never have belonged to the deceased," and that therefore, "recovery resulting from such cause of action [was] not an asset of the deceased's estate" although it may have been treated as such for other purposes. *Id.*

Ms. Nixon argues in this appeal that *In re Below* does not control the outcome of this case because in that case the issue did not concern venue, but rather, as we have already stated, whether an administrator's recovery in a wrongful death suit was subject to the assessment of costs under N.C.G.S. § 7A-307(a)(2). This argument is unpersuasive since *In re Below* specifically determined that

> *Proceeds recovered under the wrongful death statute are not part of a decedent's estate,* and in dealing with these funds neither the clerk nor the estate's personal representative is 'administering the estate of a decedent.'

*Id.* at 658, 184 S.E.2d at 379 (emphasis added).

Given our legislature's declaration in N.C.G.S. § 28A-18-2 and our holding in *In re Below,* we conclude that plaintiff-collector's wrongful death suit against Ms. Nixon is not a "[proceeding] relating to the administration of the estate of a decedent . . .;" rather, this wrongful death action is simply a civil action to recover damages for the death of a decedent caused by the alleged wrongful acts of defendant. Accordingly, we hold that the venue in this case is not controlled by N.C.G.S. § 28A-3-1.

Except in cases in which venue is governed by some other specific statute, N.C.G.S. § 1-82 provides that "an action must be tried in the county in which the plaintiffs or defendants, or any of them, reside at its commencement . . ." N.C. Gen. Stat. § 1-82 (1996). Because the plaintiff-collector in this case resided in Guilford County, N.C.G.S. § 1-82 permitted her to bring this wrongful death action in that county. For this reason, the order of the trial court granting Ms. Nixon's motion to change the venue from Guilford County to Buncombe County is hereby,

Reversed.

Judges EAGLES and WALKER concur.